In the Matter of VISTA LINER COACH & TRAILER, INC., Bankrupt.

UNITED STATES of America, Appellant,

v.

John H. ALLEN, Trustee, Appellee.

No. 447-70.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1971.

Karl Schmidler, Atty., Tax Division, Department of Justice (Johnnie M. Walker, Asst. Atty. Gen., Joseph M. Howard and Crombie J. D. Garrett, Attys., Tax Division, Department of Justice, and C. Nelson Day, U. S. Atty., of counsel, on the brief), for appellant.

Herschel J. Saperstein, of Draper, Sandack & Saperstein, Salt Lake City, Utah, for appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

SETH, Circuit Judge.

The United States has taken this appeal from a judgment entered against it in the bankruptcy proceedings of Vista Liner Coach & Trailer, Inc.

The bankrupt was in the business of manufacturing campers to be placed on pickup trucks. The campers were designed primarily as living accommodations for travelers and vacationers. The United States filed a claim in 1965 against the bankrupt estate for unpaid withholding taxes, FICA taxes, and for unpaid excise taxes on the campers. In September 1966 the trustee filed objections to the claim, and further objections were thereafter made by the trustee to the excise tax claim on the grounds that these taxes were never legally owed. The claim was amended several times and as finally asserted was in the amount of $9,569.76, and did not include excise taxes.

In March 1967 the trustee asserted a claim against the United States for excise taxes which had been levied on the sale of campers and which had been paid by the bankrupt. These excise taxes had been paid for the most part between March 9, 1964, and February 18, 1965, in accordance with section 4061(a) (1) of the Internal Revenue Code of 1954. The total amount so claimed by the trustee was $69,438.13. The company had been adjudicated a bankrupt on March 22, 1965, and in the proceedings here

under consideration the referee had found the company to have been insolvent at the time it paid the taxes which were the subject of the trustee's claim.

On September 7, 1965, the case of United States v. King Trailer Co., 350 F.2d 947 (9th Cir.), was decided, and the court there held that pickup coaches or campers of the same type as manufactured by the bankrupt were not, and had not been, subject to the excise tax levied under section 4061(a) (1) of the Code. The court held they were not the body type contemplated in the section. Following this decision the Government ceased attempts to collect the taxes on the sales of campers of this type. The Code in section 6416(a) (1) contains a description of the procedure to be used in applications for refunds of these excise taxes.

As indicated above, the referee held a hearing on the claim and counterclaim, and granted the trustee's claim against the Government. Judgment was entered with interest at eight per cent, and with the proviso that if the amount was not paid within thirty days the claim of the Government against the bankrupt for employment taxes would be disallowed.

The order and judgment of the referee were affirmed by the United States District Court for the District of Utah, and review was denied. This appeal was thereupon taken.

The referee, upon the submission of the claim by the United States and upon the filing of the counterclaim by the trustee against the United States, determined initially whether the bankruptcy court had summary jurisdiction to consider the claim against the United States. The referee found that he did have such jurisdiction and proceeded on the merits and entered judgment as above described. The basis for the referee's determination that he had summary jurisdiction was that the payment to the Government of the excise taxes by the bankrupt while insolvent constituted a fraud of its creditors. The referee also determined that the Government

could assert no claim to sovereign immunity and further that since this was not a claim for a refund, the refund procedure and showing required under the refund section 6416(a) (1) of the 1954 Code need not be followed.

On this appeal the appellant argues that the bankruptcy court did not have jurisdiction because it did not have possession of the assets under section 2(a) of the Bankruptcy Act. Thus it urges the only manner in which the trustee could proceed would be by a plenary proceeding. The appellee-trustee argues that the issues and the facts presented are a variation of the case of Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L. Ed.2d 391, which was a case also heard by this court. See 336 F.2d 535. As the appellee states, the conclusion by the referee that summary jurisdiction exists depends upon his determination that the payment of the excise taxes were transfers in fraud of creditors, and that sovereign immunity cannot be asserted.

The parties on this appeal are candid in the summary of their positions in their respective briefs. The appellee at the outset states the trustee's position to be:

"The trustee stands not in the shoes of the bankrupt, but rather in the shoes of existing creditors of the bankrupt seeking to recoup funds that might otherwise have been available for payment of their just claims, but which now constitute a windfall in the hands of the United States which never had either a just or legal claim thereto."

On the other hand, the Government in the statement of its position says:

"Under such circumstances, the United States has a better claim, both at law and in equity, to hold the fund for payment to these purchasers. Accordingly, there is no merit to the referee's holding * * * that it is fairer to insure that the fund be added to the estate for distribution to creditors who had never borne the incidence of the tax."

What the parties are really acknowledging is that the individual purchasers of the campers have by far the best claim to these funds remitted by the bankrupt, but that as a second best position each asserts its claim is better than that of the other.

It is necessary to give first consideration to the opinion of the Supreme Court in Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391, as it applies to these circumstances. That opinion, together with the opinion of this court at 336 F.2d 535, demonstrates that the test for summary jurisdiction as there applied is not so much a transaction test, but is instead derived from an examination of the nature of the transfer by the bankrupt, and of the powers and functions of the referee under the Bankruptcy Act. The Supreme Court in its opinion considers the purpose of the Bankruptcy Act, and its administration. The Court in its conclusion indicates that summary jurisdiction is provided in the Act to permit the proper evaluation and allowance of claims in an efficient manner as one of the referee's basic functions and powers. The Court points out that when a claim has been filed against the estate, and the trustee takes the steps necessary to assert a section 57(g) objection, the referee must examine it to determine the preference question both as to its existence and amount. The objection is necessarily part of the allowance of claim problem, and is subject to the summary jurisdiction of the bankruptcy court. The Court said in Katchen v. Landy:

> "Our examination of the structure and purpose of the Bankruptcy Act and the provisions dealing with allowance of claims therefore leads us to conclude, and we so hold, that the Act does confer summary jurisdiction to compel a claimant to surrender preferences that under § 57g would require disallowance of the claim."

The Court thus bases its decision on the structure and purpose of the Bankruptcy Act and especially the determination of preferences. The Court in our opinion directs us to examine the nature of the transfer or payment to see whether it falls within the general categories referred to by the Court. These arise from the referee's duties under section 57(g) and are preferences, transfers in fraud of creditors, setoffs, and voidable liens. The Court said in part in its first footnote and in reference to the decision of this court in Katchen v. Landy:

> "The decision presently under review upholds summary jurisdiction to order return of a preference whether or not the preference relates to the same transaction as the claim but declines to extend such jurisdiction to unrelated counterclaims not involving a preference, set-off, voidable lien, or a fraudulent transfer. 336 F.2d, at 537."

The transfer here, the trustee asserts, by its nature falls within the fraudulent transfer category, and thus there is summary jurisdiction. We cannot agree.

The record before us demonstrates that the excise taxes were paid by the bankrupt under a construction of the excise tax section adopted by the Commissioner at the time and in the absence of a determination that the Act should be otherwise construed. The transaction upon which the excise levy was here made under section 4061(a) (1) of the Code was on the sale of the campers. This tax is "imposed" on articles sold by the manufacturer. The incidence of the tax was borne by the purchasers, but remittance or payment to the Government was required to be made by the manufacturerer. This is the typical manner in which a manufacturer's excise tax is administered.

The section of the Code providing for refunds, and particularly section 6416 (a) (1), is significant in a consideration of the *nature* of the tax. The refund provisions require that the manufacturer demonstrate that the tax was not in fact included in the price of the campers sold and was not otherwise collected from the purchaser thereof, or the

manufacturer seeking the refund may show that he has repaid the amount of the tax to the ultimate purchaser or the ultimate vendor, or as another possibility that he has obtained written consent from the ultimate vendor or purchaser to the making of the refund to him. These refund provisions together with the consideration of the nature of the tax as it is described in the Code demonstrate that, in the absence of a contrary showing, it must be assumed that the funds used to make the payments claimed herein by the referee originated with the buyers of the campers as a tax item added to the purchase price of the camper. This in turn indicates that the tax portion was collected at the time of sale by the bankrupt to provide it with funds to remit to the Government, and all at the time when the levy was valid. It is further indicated that if, as was the case here, it was subsequently determined that the tax or levy was defective or illegal, it is, without further showing, the purchaser of the camper who is entitled to the return of the excise tax collected. Under these circumstances the payment by the bankrupt to the United States prior to the invalidation of the taxing act is not a fraud of the creditors of the bankrupt.

As indicated above, the trustee argues also that he has a better claim to the money than does the United States because the tax was ultimately held to be invalid and should not have been paid. The issue before us is however not who has the better claim as between the trustee and the United States, but the question is whether or not the bankruptcy court had summary jurisdiction to enter the judgment it did. We must hold that it did not have such jurisdiction by reason of the fact that the payment of the funds by the bankrupt did not constitute a transaction which was held in Katchen v. Landy to give such jurisdiction.

The trustee relies on United States v. Roth, 164 F.2d 575 (2d Cir.), which held that a tax payment by an individual on a tax liability of a corporation in which he had an interest was a fraud on the creditors of the individual. However, in the case before us the relationships are much different, and the general conclusion in the cited case that a payment of taxes can be a fraud on creditors is not of much assistance in resolving the problems here presented.

The trustee and the referee in his opinion considers the broad language of the Bankruptcy Act relative to transfers and preferences as being applicable to these circumstances. See sections 67(d) (2), 67(d) (1) (e) and 1(30). However, the precise nature of the particular transaction under consideration must be examined with regard to the general purposes of the Bankruptcy Act. The argument of the trustee would place all taxes as section 67(d) transfers on lack of fair consideration and thus really proves too much. Payment of taxes cannot be so characterized. The only difference between the excise here paid and other tax payments is that although the tax when paid was considered to be valid and collectible and presumably paid on this basis, it was later decided by the courts that these particular items were not taxable. The court decided that the campers did not come within the general terms of truck or bus "bodies," and thus they were not taxable. Under these circumstances we cannot say that the excise payments so made were sufficiently different from other taxes paid during the same period to be characterized as a fraudulent transfer. Thus we must hold that the tax payments were not transactions within Katchen v. Landy, and thus to give the bankruptcy court summary jurisdiction over the trustee's claim.

Reversed.