In the Matter of SUPREME MEAT COMPANY, a Missouri Corporation, Bankrupt.

LIBERTY MUTUAL INSURANCE COMPANY, Claimant-Counterclaim Defendant,

v.

Curtis L. MANN, Trustee-Counterclaim Plaintiff.

No. 71 B 1926.

United States District Court, E. D. Missouri, E. D.

May 27, 1976.

Donald R. Wilson, St. Louis, Mo., for Trustee.

John H. Schuth, Chicago, Ill., Ralph C. Kleinschmidt, St. Louis, Mo., for claimant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon an appeal from the decision of the Bankruptcy Court dismissing the counterclaim of the Trustee in Bankruptcy.

The Supreme Meat Company, a Missouri corporation, was adjudicated a bankrupt on October 28, 1971. Liberty Mutual Insurance Company filed Claim No. 16 seeking an insurance premium of Five Hundred and Fifty-Five Dollars ($555.00) on December 17, 1971. On September 27, 1974, the Trustee-Appellant filed an answer to Liberty Mutual's claim, and a counterclaim in which it was alleged that the claimant was liable as an insurer for fire and explosion damage to the bankrupt's real estate pursuant to a multi-peril policy in effect prior to the policy upon which Liberty Mutual asserted its claim.

The claimant then filed a motion to dismiss the Trustee's counterclaim due to lack of jurisdiction of the Bankruptcy Court over the subject matter, the claimant contending that it had the right to have the issues raised by the counterclaim tried in a plenary proceeding before a jury.

■ It is clear under the applicable Missouri law that the renewal of an insurance policy constitutes a separate and distinct contract with a period of time covered by the renewal. *Rice v. Provident Life and Accident Ins. Co.,* 231 Mo.App. 560, 102 S.W.2d 147 (1937); and *Commercial Ins. Co. v. American & Foreign Ins. Ass'n,* 370 F.Supp. 345 (D.C.Puerto Rico, 1974). Such a separate and distinct contract of insurance renders the counterclaim of trustee-appellant a permissive claim under the provisions of Rule 13 of the Federal Rules of Civil Procedure.

■ The permissive nature of trustee-appellant's counterclaim provides the sole issue on appeal. That issue is whether or not, as a matter of law, the Bankruptcy Court has summary jurisdiction to decide the issues of a permissive counterclaim where claimant-counterclaim defendant timely objects to the exercise of summary jurisdiction by the Bankruptcy Court.

It is the position of the trustee-appellant that Bankruptcy Rule 713 operates to place such a permissive counterclaim within the Bankruptcy Court's summary jurisdiction. The position of the trustee-appellant is not supported by the language of Bankruptcy Rule 928 which states that Bankruptcy Rules "shall not be construed to extend or limit the jurisdiction of courts of bankruptcy over subject matter". Prior to the promulgation of the new Bankruptcy Rules, it was clear that a permissive counterclaim such as the one asserted by the trustee-appellant could not fall within the summary jurisdiction of the Bankruptcy Courts. *Katchen v. Landry,* 336 F.2d 535 (10th Cir., 1964), aff'd on other grounds, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1965); *In Re: Behring and Behring,* 445 F.2d 1096 (5th Cir., 1971); and *In Re: Los Angeles Trust, Deed & Mortgage Exchange,* 464 F.2d 1136 (9th Cir., 1972).

■ It is also the opinion of the Court, that the filing of a claim in bankruptcy is not a waiver of the claimant's constitutional right to a plenary trial by jury of a separate transaction. *Katchen v. Landry,* 10 Cir., 336 F.2d 535, 541 (Concurring & Dissenting Opin. of Judge Phillips). Accordingly, the judgment of the Bankruptcy Court will be affirmed.