In re CAROLEE'S COMBINE, INC., Bankrupt.

E. Penn NICHOLSON, Trustee, Plaintiff,

v.

Stefan MERKEN and Bartleby, Defendants.

Civ. A. No. C79–782A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 14, 1979.

E. Penn Nicholson and Paul W. Bonapfel, Nicholson, Meals & McLaughlin, Atlanta, Ga., for plaintiff.

Jay E. Loeb, Gershon, Ruden, Pindar & Olim, Atlanta, Ga., for defendants.

## ORDER OF COURT

MOYE, District Judge.

This case is before the Court on appeal of an order of the bankruptcy court. Defendant partnership Bartleby filed a proof of claim for $20,243.98 for alleged services rendered. The plaintiff trustee initiated this action by objecting to the claim filed by Bartleby. The reasons for the trustee's objections are set out in his counterclaim, the first four counts of which are based on the transfer by the bankrupt of $31,000 to defendant Stefan Merken, one of the two partners in Bartleby. The transfer to Merken was a repayment on an investment Merken had made in a business run by Carolee Davis, president of the bankrupt. The investment was made solely out of Merken's personal funds, and the repayment was solely for his benefit.

In his counterclaim the trustee alleges: (1) that the transfer was a voidable preference under 11 U.S.C. § 96a (Count I), (2) that the transfer was without fair consideration and thus null and void under 11 U.S.C. § 107d(2)(a) (Count II), (3) that the transfer was fraudulent or voidable under Ga.Code Ann. § 28–201(3) and thus null and void under 11 U.S.C. §§ 110(c) and 110(e) (also Count II), (4) that the transfer was a fraudulent conveyance under Georgia law and thus null and void under 11 U.S.C. §§ 110(c) and 110(e) (Count III), (5) that because defendants were joint ventures with Carolee Davis in a speculative and undercapitalized enterprise, Carolee's Combine, and because they received a full return on their investment while trade and other creditors of Carolee's Combine were paid parts of their debt or nothing at all, the transfer was fraudulent as against creditors of Carolee's Combine under 11 U.S.C. § 110(e) (Count IV), and (6) that defendants were "joint venturers in the enterprise undertaken through Carolee's Combine" and thus jointly liable under 11 U.S.C. § 110 for all of the debts of Carolee's Combine, an amount in excess of $240,000 (Count V).

Defendants Stefan Merken and Bartleby moved to dismiss on the grounds that the bankruptcy court lacks summary jurisdiction. Bartleby originally argued that it should not be subject to the court's summary jurisdiction because it would not receive

any benefit of the $31,000 transfer from the bankrupt to Merken. The bankruptcy court held that it had summary jurisdiction over Bartleby because Bartleby sought to participate in a distribution of the bankrupt's estate and the trustee has asserted an objection to that participation under section 57g of the Bankruptcy Act. Merken started out in bankruptcy court arguing generally that he was not subject to the court's summary jurisdiction because the claim by Bartleby and the transfer giving rise to the trustee's counterclaim involved different transactions. The bankruptcy court held Merken subject to its summary jurisdiction relying on *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

■ On appeal, defendants have conceded in their reply brief that *Katchen, supra,* provides for summary jurisdiction over preference claims raised in opposition to a proof of claim. They have refined their argument, asserting that (1) Merken did not assert a proof of claim, and (2) that the trustee has asserted counts in his counterclaim that raise other than voidable preference issues.

■ The bankruptcy court has summary jurisdiction over a claim when the bankrupt is in constructive or actual possession of property, the subject of the claim, or when the claimant consents to the jurisdiction. *See generally* 2 *Collier on Bankruptcy* (14th ed.) [hereinafter *Collier*] ¶¶ 23.02–23.08. Prior to the decision in *Katchen, supra,* there was wide disagreement over the scope of a bankruptcy court's summary jurisdiction to grant a trustee affirmative relief on a counterclaim. See *e. g., Katchen v. Landy*, 382 U.S. at 326 n.1, 86 S.Ct. 467 and cases cited therein; 2 *Collier* ¶ 23.08; 4 *Collier* ¶ 68.20; Comment, *Katchen v. Landy* and Summary Jurisdiction in Bankruptcy, 52 *Va.L.Rev.* 1530, 1536–38 (1966). *Katchen*, on its specific facts, dealt only with a very limited part of the problem.

In *Katchen*, the bankrupt borrowed $50,-000 from two banks; an officer of the bankrupt served as an accommodation maker on the notes the bankrupt made to its creditors. After the bankrupt underwent a serious fire, its assets were placed in a "trust account" under the sole control of the aforementioned officer. He made three payments on the notes on which he was an accommodation maker, within four months of the bankruptcy. When the bankruptcy ensued, the officer then filed two claims, one for rent due him from the bankrupt and the other for a payment on one of the notes made from his own funds. In his objection to the claims, the trustee sought a judgment against the banks for the amount of the three payments and unpaid stock subscriptions owed to the bankrupt. The referee and district court granted summary judgment for the trustee. The officer's claims were to be allowed only upon payment of the judgment by the banks. *Id.* at 325, 86 S.Ct. 467. The Tenth Circuit affirmed as to the voidable preferences and reversed as to the stock subscription, 336 F.2d 535 (10th Cir. 1964); the trustee did not seek review of the latter holding. 382 U.S. at 326, 86 S.Ct. 467.

The Supreme Court noted the basic policy that the power to "allow," "disallow," and "reconsider" claims under 11 U.S.C. § 11(a)(2) "is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit." 382 U.S. at 329, 86 S.Ct. at 472. Justice White then focused on the linchpin of the opinion—Bankruptcy Act § 57g, 11 U.S.C. § 93(g). That section provides as follows:

> (g) The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances.

Justice White then concluded that:

> Unavoidably and by the very terms of the Act, when a bankruptcy trustee presents a § 57 [sub.]g objection to a claim, the claim can neither be allowed nor disallowed until the preference matter is adjudicated. The objection under § 57 [sub.]g is, like other objections, part and parcel of the allowance process and is subject to

summary adjudication by a bankruptcy court.

He acknowledged that this much only dealt with § 57g *objections* to claims and not necessarily with *affirmative relief* for the trustee. However, once the bankruptcy court determines the amount of preference, if any, in order to ascertain the validity of objections, the court has necessarily determined any excess owing to the trustee. Principles of res judicata and the need to prevent multiplicitous litigation require that this original determination of the amount, if any, owing to the trustee be the final determination. *Id.* at 333–35, 86 S.Ct. 467.

■ It is clear from this discussion of *Katchen* that a claimant is subject to summary jurisdiction for the purposes of a trustee's counterclaim for a voidable preference. Two footnotes in *Katchen*, however, have led to confusion over the intended scope of the *Katchen* opinion. In footnote one the court noted several divergent views as to when, if at all, counterclaims are within the court's summary jurisdiction, and then stated:

> The decision presently under review upholds summary jurisdiction to order return of a preference whether or not the preference relates to the same transaction as the claim but declines to extend such jurisdiction to unrelated counterclaims not involving a preference, set-off, voidable lien, or a fraudulent transfer.

382 U.S. at 326, n. 1, 86 S.Ct. at 471. This statement arguably means that all "preference(s), set-off(s), voidable lien(s), or . . . fraudulent transfer(s)" are within the court's summary jurisdiction. In footnote 9, however, the court qualified its opinion as follows:

> [W]e obviously intimate no opinion concerning whether the referee has summary jurisdiction to adjudicate a demand by the trustee for affirmative relief, all of the substantial factual and legal bases for which have not been disposed of in passing on objections to the claim.

382 U.S. at 333, n.9, 86 S.Ct. at 474. To reconcile these seemingly inconsistent views one must recall Justice White's construction of section 57g; he interpreted that section to require a simultaneous adjudication of claims and certain counterclaims as part of the process of allowance and disallowance. Thus the summary jurisdiction should include not only those types of transfers mentioned in footnote one but all of those mentioned in section 57g.

The Supreme Court has not subsequently explained *Katchen*, but the Fifth Circuit has dealt with the problems left by *Katchen* on at least two occasions. In *In re Jack Kardow Plumbing Co.*, 451 F.2d 123 (5th Cir. 1971), the court determined that *Katchen* did not apply to secured claimants because secured claims are not comprehended by section 57g, *id.* at 134, but in arriving at this conclusion the court gave extensive attention to *Katchen's* emphasis on prompt, inexpensive, and effectual administration of the bankruptcy laws. The Fifth Circuit again addressed the *Katchen* problem in *Finger Furniture Co. v. Brock*, 410 F.2d 568 (5th Cir. 1969). There the court upheld summary jurisdiction over a counterclaim for payments allegedly preferential and voidable under 11 U.S.C. § 110(e). *Finger* partly answers the contentions of defendants that counts of the trustee's counterclaim asserting claims other than for voidable preferences are not within the court's summary jurisdiction. All transfers allegedly fraudulent or voidable are of the type held in *Katchen* to be within the court's summary jurisdiction. *Finger* does not directly address the question of whether Count V, seeking to hold defendants liable for the debts of the bankrupt as an alleged joint venturer of the bankrupt, is within the bankruptcy court's summary jurisdiction.

The only case which was cited or has otherwise come to the Court's attention which deals with joint ventures by the bankrupt is *In re Los Angeles Trust Deed & Mtg. Exch. (L. A. Trust)*, 464 F.2d 1136 (9th Cir. 1972). L. A. Trust financed two individuals, Cantillon and Rabalais, in several ventures which they undertook through several different entities. The terms of the financing provided that the Cantillon-Raba-

lais entity would pay 10 percent interest to L. A. Trust and 50 percent of its profits to Farrell, president of L. A. Trust. When L. A. Trust was adjudicated a bankrupt, Cantillon and Rabalais filed two claims and the trustee counterclaimed seeking dissolution of the bankrupt's alleged joint venture with Cantillon and Rabalais and payment of 50 percent of the profits on loan transactions which were not the subject of the claims by Cantillon and Rabalais. The facts differed from the present facts only in that the trustee sought to dissolve the alleged joint venture there rather than to hold the alleged joint venturer liable for the bankrupt's debts. *Id.* at 1137–38. The trustee has not argued for any specific distinction on this ground; indeed the trustee has characterized *L. A. Trust* simply as a case that does not involve a "voidable transfer." The Court, however, finds *L. A. Trust* distinguishable in a meaningful way.

The court in *L. A. Trust* distinguished *Katchen v. Landy, supra,* in holding that the trustee's counterclaim was not within the bankruptcy court's summary jurisdiction. It pointed out *Katchen's* emphasis on the process of allowance and disallowance under section 57. The Ninth Circuit went on to note that the Supreme Court in *Katchen* did not have to face the question of summary jurisdiction over the trustee's counterclaim for unpaid stock subscriptions. *Id.* at 1138–39. The unspoken conclusion of the Ninth Circuit must have been that a counterclaim for dissolution of an alleged joint venture is not involved in the process of allowance and disallowance and thus not within the rationale of *Katchen.*

■ In *L. A. Trust* the counterclaim involved an attempt to dissolve an alleged joint venture. The claim by the trustee in Count V is that the defendants are joint venturers and as such jointly liable for the debts of the bankrupt; the count contains an allegation that the defendants committed a fraud upon creditors in their role as joint venturers. Thus the claim in Count V is more in the nature of a fraudulent/voidable transfer which, according to *Katchen,* is within the summary jurisdiction of the bankruptcy court.

To the extent that *L. A. Trust* rejected summary jurisdiction over the claims for repayment of profits on the transactions unrelated to the claims asserted by Rabalais and Cantillon, that case will not be followed. The *L. A. Trust* court reasoned that "the referee had no jurisdiction over a counterclaim, unrelated to the transaction upon which a creditor's claim is based." *Id.* at 1139. This appears inconsistent with *Katchen* where the preferences did not arise out of the same transaction as the claims for rent. *See* 382 U.S. at 325, 86 S.Ct. 467. The *Katchen* court noted, "The decision . . . under review upholds summary jurisdiction to order return of a preference whether or not the preference relates to the same transaction as the claim but declines to extend such jurisdiction to unrelated counterclaims not involving a preference, set-off, voidable lien, or a fraudulent transfer." 382 U.S. at 326, n.1, 86 S.Ct. at 471. The Tenth Circuit has noted that *Katchen* adopted a "test for summary jurisdiction [that] is not so much a transaction test, but is instead derived from an examination of the nature of the transfer by the bankrupt . . . ." *In re Vista Liner Coach & Trlr., Inc.,* 447 F.2d 497 (10th Cir. 1971).

■ Having decided that the counterclaim here is of the type covered by *Katchen,* the Court now must address defendants' more specific arguments that each of them is not subject to the court's summary jurisdiction. As indicated above, the partnership Bartleby argues that it should not be subjected to summary jurisdiction because Merken personally received the alleged voidable/fraudulent transfer as a return on an investment made solely out of his personal funds. The Court rejects this argument. The trustee has named the defendant Bartleby as a defendant in his counterclaim for voidable/fraudulent transfers. If Bartleby's argument is that it was not the recipient of a voidable/fraudulent transfer, then the argument is more properly addressed to the merits than to jurisdiction. At any rate, Bartleby appears to have aban-

doned this argument in its most recent reply brief, in which the defendants summarized their arguments. *See* pp. 98–99, *supra*.

■ Defendant Merken attempts to avail himself of the fact that he did not personally file a proof of claim in order to convince the Court that he should be outside the court's summary jurisdiction. The Court agrees with the bankruptcy court that Merken is subject to summary jurisdiction because as a general partner the claim by the defendant Bartleby would inure to the benefit of Merken. The claim was made by Bartleby for a debt allegedly owed Bartleby for services rendered by Bartleby. As a general partner, Merken would be entitled to participate in any recovery. Merken has cited no authority to the contrary.

The only case dealing with the issue of whether general partners are subject to summary jurisdiction when a partnership files a proof of claim appears to be *In re Penn Central Transp. Co.*, 419 F.Supp. 1376 (E.D.Pa.1976). That court applied the following test:

> [If] Counts II and III arise out of the same transaction or occurrence as the original petition, the individual partners are subject to the summary jurisdiction of this Court, even though their alleged activity was not in pursuance of [the partnership's] business.

419 F.Supp. at 1376. That case is not at all pertinent, because the Counts II and III of the counterclaim in that case were apparently not the sort of claims within the ambit of the *Katchen* rule; the court in *Penn Central* did not even discuss *Katchen* in connection with those two counts. With respect to Counts II and III the court only discussed the "transaction or occurrence" test for a compulsory counterclaim under F.R.Civ.P. 13(a). Other courts have also utilized Rule 13(a) after *initially* determining that *Katchen* was inapplicable. *E. g. Matter of Supreme Meat*, 73 F.R.D. 295 (E.D.Mo.1976); *In re Beasley-Gilbert's, Inc.*, 285 F.Supp. 359 (S.D.Ohio 1968). Indeed, in *Katchen* itself, the Supreme Court noted that the rule it adopted would be indifferent to whether the claim and counterclaim

arose out of the same transaction. 382 U.S. at 322, n.1, 86 S.Ct. 467.

For the foregoing reasons the court affirms the order of the bankruptcy court.