**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**Securities Investor Protection Corporation, Applicant,**

v.

**LLORENS ASSOCIATES, INC., Defendant.**

No. 74 Civ. 2607.

United States Bankruptcy Court, S. D. New York.

Feb. 24, 1981.

Theodore H. Focht, Washington, D. C., for Securities and Exchange Commission.

Singer, Hutner, Levine & Seeman, New York City, Sp. Counsel to trustee.

Arutt, Nachamie & Benjamin, New York City, for parliament.

Wolf, Haldenstein, Adler, Freeman, Herz & Frank, New York City, for trustee.

JOHN J. GALGAY, Bankruptcy Judge.

This Court is being asked to waive, as if by magic, the statutory requirements of objections to jurisdiction and to allow an answer which preceded such an objection by more than one year simply to disappear.

Since to allow such a disappearing act would contravene the spirit as well as the letter of the Federal Rules of Civil Procedure, this Court must conclude that a party in an adversary proceeding has waived its right to object to the jurisdiction of the Bankruptcy Court once it has answered and actively litigated the underlying dispute.

This controversy, the last to be resolved in the liquidation of the bankrupt, Llorens Associates, Inc., ("Llorens"), arises out of a subordination agreement (the Agreement) between Llorens and Parliament Industries, Inc., (Parliament) pursuant to which Llorens issued to Parliament a 3-year 10% subordinated debenture dated January 31, 1970 in the amount of $50,000 to mature on January 31, 1973. By the terms of ¶ 9 of the Agreement, Parliament agreed that (1) its right to the principal or any interest due thereon would remain completely subject to and subordinate to the claims of all present and future creditors of the debtor and (2) in the event of a liquidation of the debtor, all claims of such creditors were to be satisfied

in full before any claim of Parliament was satisfied or repaid in whole or in part. In addition, Parliament agreed that no part of the indebtedness would be repaid if the effect of so doing would be to reduce the net capital of the debtor below the amount required by Rule 15c3–1 of the Securities and Exchange Act of 1934. Nevertheless, despite Llorens' non-compliance with the statutory capital requirements of the Securities Act, Parliament accepted repayment of the $50,000 on January 31, 1973 although the payment itself should have triggered ¶ 9 of the Agreement.

The procedural history of this case is critical. On February 5, 1976 the Trustee in liquidation petitioned this Court to avoid the $50,000 transfer pursuant to § 70(e)(1) of the Bankruptcy Act. On February 27, 1976, Parliament answered the Trustee's complaint. On July 27, 1976 Parliament moved to dismiss the Trustee's petition for failure to state a claim upon which relief could be granted. F.R.Civ.P. 12(b)(6). On August 6, 1976 the Trustee filed an affidavit in opposition to Parliament's motion and on August 13, 1976 Parliament responded with a memorandum of law in support of its motion to dismiss. On the same date, after what we conjecture to have been a breakdown in negotiations, Parliament agreed to withdraw its motion to dismiss provided that the Trustee serve an amended petition by August 17, 1976. The amended petition was filed on August 16 and on September 1, 1976, Parliament again moved for dismissal under F.R.Civ.P. 12(b)(6). On February 28, 1977 more than one full year after the Trustee's original petition was filed, after appearances before this Court and after deposing at least one of the Trustee's witnesses, Parliament moved to dismiss the Trustee's complaint for lack of jurisdiction. F.R.Civ.P. 12(b)(2). Parliament claims that it has not waived its right to object to the summary jurisdiction of the bankruptcy court because the original complaint was withdrawn, and in the alternative, seeks to consolidate a motion to dismiss for lack of jurisdiction with its earlier motion to dismiss for failure to state a claim upon which relief may be granted. F.R.Civ.P. 12(g). For the reasons that follow we find that the defendant waived its right to object to the jurisdiction of the Bankruptcy Court, and its motion to consolidate must be denied.

For a trustee to bring an adversary proceeding against a third party pursuant to Bankruptcy Rule 701 the Bankruptcy Court must have summary jurisdiction based on possession or consent. Bankruptcy Act § 2(a)(2); *In re Carolee's Combine*, 477 F.Supp. 97 (N.D.Ga.1979); *In re Air Transport, Inc.*, 78 B 931 (S.D.N.Y. June 30, 1980). A bankruptcy court may exercise jurisdiction over parties in possession but with a claim adverse to the bankrupt's if they have consented to the jurisdiction of the court. Even if not expressly granted, consent to jurisdiction may be inferred from the failure to timely object to summary jurisdiction. Bankruptcy Act § 2(a)(7); *Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); *Stark v. Baltimore Soda Fountain, Mfg.*, 185 F.2d 398 (4th Cir. 1959). A party waives its right to object to jurisdiction if it fails to assert that right by a timely answer or motion, whichever is first. Thus, an objection filed after an answer cannot be held to be timely once the time for amendment has passed. Bankruptcy Rule 915(a).

The jurisdiction of the Court in this case rests squarely on Parliament's answer of February 27, 1976 and additionally on its failure to object by motion or by answer at the first opportunity as required by Bankruptcy Rule 915(a). The Trustee agreed to withdraw its initial petition of February 5, 1976 solely to correct technical deficiencies therein; its subsequent refiling did not constitute a *de novo* proceeding. There is no indication that the initial petition was or should have been withdrawn with prejudice.

Parliament seeks, in the alternative, to consolidate its original motion of February 27, 1976 with a motion to dismiss for lack of jurisdiction. F.R.Civ.P. 12(g), (h)(1). The Federal Rules of Civil Procedure are made applicable to adversary proceedings by part VII of the Bankruptcy Rules 701 et

seq. and B.R. 712(b) incorporated F.R.Civ.P. 12(b)–(h). F.R.Civ.P. 12(h)(1) allows amendment of certain defenses if they are permitted as a matter of course by F.R. Civ.P. 15(a) and if not already waived. Similarly, Bankruptcy Rule 712(b) makes 15(a) applicable in adversary proceedings by reference to Bankruptcy Rule 715(1). B.R. 715 narrows the time for amendment allowed by the Federal Rules from 20 to 15 days, and retains the rule that leave to amend may be freely given when justice so requires. Since, given the lapse of time, this amendment is not "of right", it may only be granted if "justice so requires."

We are unmoved by considerations of equity to grant Parliament's motion to consolidate. The defendant has already demonstrated a penchant for the very dilatory tactics that these rules were meant to prevent. To grant this motion would be tantamount to a reward for the purposeful failure to assert claims in a timely fashion. Furthermore, to grant this motion would be in derogation of public policy. The Court cannot protect certain business risks against loss. Parliament must sustain its own losses and may not shift the risk of that loss to non-party creditors by seeking to prevent the Trustee from recovering funds for the benefit of the estate. Finally, it is well settled that once an answer has been filed without objecting to jurisdiction, the objection has been waived and cannot be revived by a subsequent amendment to the answer under 715. *In re Edgar*, 617 F.2d 1171, 6 B.C.D. 520 (5th Cir. 1980). Parliament, therefore, may not raise objections to jurisdiction by amendment to an answer under B.R. 715 when objection has been waived pursuant to B.R. 915.

Based on the facts presented and the rules that govern bankruptcy proceedings, Parliament's motion to dismiss the Trustee's complaint for lack of jurisdiction is hereby denied.

It is so ordered.