In re HOTEL ASSOCIATES, INC., Stanton R. Miller, Robert B. Miller, a partnership, "the Drake", Debtors.

David W. MARSTON, Esquire, Trustee, Plaintiff,

v.

HOTEL ASSOCIATES, INC., Stanton R. Miller, Robert B. Miller, Charles F. Williard, Father Constantinos Pappas Evangelismos Greek Orthodox Church and John N. Davis, Jr., Defendants.

Bankruptcy No. 79–02203K.
Adv. No. 82–0041K.

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 14, 1982.

Pace Reich, Philadelphia, Pa., for debtor.

Alison Douglas Knox, Philadelphia, Pa., for trustee.

Michael A. Tier, Philadelphia, Pa., for Hotel Assoc., Stanton & Robert Miller and John N. Davis, Jr.

David Marston, Philadelphia, Pa., for trustee/plaintiff.

John A. Eichman, III, Philadelphia, Pa., for C. F. Williard.

John S. Estey, Philadelphia, Pa., for trustee.

Herbert K. Fisher, Philadelphia, Pa., for Fr. C. Pappas Evangelismos Greek Orthodox Church.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion to transfer an adversary proceeding from the Bankruptcy Court to the District Court

for this District. The trustee had filed a complaint to recover money in January of 1982 against several defendants. The case has proceeded undisturbed through over seven (7) months of discovery. All of the defendants have filed answers to the trustee's complaint. The issuance of the Opinion in the case of *Northern Pipeline Construction Co. v. Marathon Pipeline Co. et al* by the Supreme Court of the United States shattered the placid progress of this adversary proceeding. The defendants, only eighteen (18) days after the ruling by the Supreme Court, filed a motion to have the case transferred. The motion was based entirely on the Supreme Court's ruling in the *Marathon* case and asserted that it would be unconstitutional for this Court to assert jurisdiction over the matter. We do not agree and will deny the motion.[1]

It is apparent to the Court that this motion was filed solely for the purpose of delaying the progress of this adversary proceeding.

 The Court notes that the Supreme Court expressly made the effect of their Opinion prospective.

It is equally plain that retroactive application would not further the operation of our holding and would surely visit substantial injustice and hardship upon those litigants who relied upon the Act's vesting of jurisdiction in the bankruptcy courts. We hold, therefore, that our decision today shall apply only prospectively. (footnotes in original)

The judgment of the District Court is affirmed. However, we stay our judgment until October 4, 1982.

*Northern Pipeline Construction Co. v. Marathon Pipeline Co. et al,* —— U.S. ——, 102

S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982). This recent decision in no way affects our jurisdiction over the instant case. The decision does not apply to cases pending prior to October 4, 1982.

 Even if this Court were to consider the Marathon case applicable to the instant proceeding, the motion must fail. The defendants have procedurally erred in a most grievous fashion. An objection to the Bankruptcy Court's jurisdiction must be filed prior to or contemporaneously with the answer to the complaint. Rule 915(a) of the Rules of Bankruptcy Procedure[2] provides:

> (a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served.

*See Rules of Bankruptcy Procedure,* Rule 915(a), 11 U.S.C.[3]

 In this case, the complaint was filed in January of 1982. The defendants' answers were filed on March 11th and April 16th. Over three (3) months later, in July, the motion objecting to the jurisdiction of the Court was filed. This motion is clearly out of time. The defendants, having waived the jurisdictional objection, must proceed in this Court.

An appropriate Order will be entered.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Rule 915(a) clearly applies where the trustee has instituted a proceeding to recover property from an adverse claimant. *See Collier on Bankruptcy* ¶ 23.08[4] at 546 (14th ed. 1976).

   Although the Rules of Bankruptcy Procedure were promulgated under the Bankruptcy Act of 1898, they remain in effect under the Code. Bankruptcy Reform Act of 1978, Pub. L. No.

95–598, § 405(d), 92 Stat. 2683 (1978), U.S. Code Cong. & Admin. News 1978 p. 5787.

3. "The premise of subdivision (a) is that a party to any controversy being litigated in the bankruptcy court must object to the court's jurisdiction at the first opportunity in order to avoid being deemed to have consented thereto."
   *See Advisory Committee's Note, Rules of Bankruptcy Procedure,* Rule 915(a), 11 U.S.C.