**In re PINE TREE ELECTRIC CO., Debtor.**

**Hollis R. SAWYER, Plaintiff,**

**Thomas G. Ainsworth, Trustee, Plaintiff,**

v.

**E.A. GRALIA CONSTRUCTION CO., INC., Defendant,**

v.

**NORTHEAST BANK OF LEWISTON AND AUBURN, Party in Interest.**

**Bankruptcy No. 281–00339. Adv. No. 281–0292.**

United States Bankruptcy Court, D. Maine.

Oct. 5, 1983.

See also 16 B.R. 105.

Richard E. Poulos, Portland, Me., for plaintiff Sawyer.

Barry Zimmerman, Kelly, Remmel & Zimmerman, Portland, Me., for plaintiff Ainsworth.

Philip Ryan, Springfield, Mass., for defendant Gralia.

John Bonneau, Marshall, Raymond & Beliveau, Lewiston, Me., for defendant Northeast Bank.

## FINDINGS AND CONCLUSIONS UNDER LOCAL RULE 41(d)(3)(B)

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee of the debtor and Hollis Sawyer, an alleged guarantor of a letter of credit issued on the debtor's behalf, filed a complaint against E.A. Gralia Company, Inc., the beneficiary of the letter of credit, and Northeast Bank of Lewiston and Auburn, the issuer of the letter of credit.[1] The plaintiffs seek an order permanently enjoining Gralia from calling and Northeast from honoring the letter of credit, imposing sanctions on both defendants for alleged violations of the automatic stay, and causing the letter of credit to be cancelled. Gralia asserted counterclaims against Sawyer, the debtor, and the trustee and cross-claims against the bank. The court now considers motions for summary judgment filed by Sawyer, the trustee and Gralia. Because the court finds that this proceeding essentially involves a dispute between Sawyer, Gralia and the bank, all nondebtors, Gralia's motion for summary judgment will be granted and the plaintiff's complaint will be dismissed.

On October 24, 1980, Gralia, the general contractor for a construction project known as the Woolen Mill in Winooski, Vermont, entered into a subcontract with the debtor under which the debtor was to perform electrical work. In the subcontract Pine Tree agreed to procure the issuance of a $100,000 letter of credit in Gralia's favor in lieu of a 100% performance and payment bond. On October 27, 1980, Northeast es-

---

1. In the face of threats by Sawyer, Gralia and the trustee, Northeast Bank has also filed a complaint for declaratory judgment.

tablished a $100,000 letter of credit in Gralia's favor for the debtor's account. Sawyer signed a promissory note secured by securities owned by him to guarantee repayment of any advances made by the bank under the letter of credit.

On June 15, 1981, because of financial difficulties, the debtor ceased doing business. Subsequently, Gralia and the debtor amended the subcontract. Under the amended subcontract, Gralia agreed to finance the debtor's payroll and supplies and the debtor agreed to obtain an extension of the term of the letter of credit. An involuntary chapter 7 petition was filed against the debtor on July 15, 1981, a trustee was appointed, and an order for relief was entered on August 20, 1981.

On November 23, 1981, Gralia made demand upon the bank for payment of $100,-000 under the letter of credit.

On November 30, 1981, Sawyer and the trustee filed a complaint in this court seeking an order enjoining the calling and honoring of the letter of credit, imposing sanctions for violation of the automatic stay provided for in 11 U.S.C.A. § 362(a)(6) (1979), and cancelling the letter of credit. The plaintiffs allege that Gralia's demand for payment is fraudulent because the letter of credit expired by its own terms and because certain conditions of the letter of credit have not been fulfilled. On December 1, 1981, the court issued a temporary restraining order enjoining Northeast from honoring the letter of credit. On December 10, 1981, the court issued a preliminary injunction to maintain the status quo.

Having had an opportunity to study carefully the pleadings, affidavits, exhibits and memoranda filed in the proceeding, the court concludes that the trustee is nothing more than a nominal plaintiff, named as such to invoke the jurisdiction of this court. The real dispute involves Sawyer, who seeks to protect his collateral, Gralia, which seeks to draw upon the letter of credit, and the bank, which has been threatened by both.

The trustee, in the complaint, has failed to state a claim and, as to the trustee,

Gralia is entitled to judgment as a matter of law.

The only allegations contained in the complaint which might possibly be the basis of a claim by the trustee are: First, that in unilaterally determining or assessing the amount owed by Pine Tree to Gralia, Gralia was acting " 'to collect, assess, or recover a claim' against Pine Tree that arose before the commencement of the case . . ."in violation of the automatic stay, and second, that the trustee would be irreparably harmed "due to the additional cost and involvement which would occur to the prejudice of the estate under circumstances where such costs could not be recovered." Neither of these allegations is tenable in law or in fact.

■ In calling the letter of credit Gralia is not acting to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case" in violation of 11 U.S.C. § 362(a)(6). Rather, Gralia, in calling the letter of credit, seeks to enforce an independent, primary and direct obligation of the bank to it, the beneficiary of the letter of credit. *Housing Securities, Inc., et al. v. Maine National Bank,* 391 A.2d 311 (Me.1978); *Page et al. v. First National Bank of Maryland, et al. (In re Page)* 18 B.R. 713 (D.C.1982); *Printing Department, Incorporated v. Xerox Corporation (In re Printing Department, Incorporated)* 20 B.R. 677 (Bkrtcy.E.D.Va.1981). Nor does the calling of the letter of credit constitute "any act to obtain possession of property of the estate or of property from the estate", as proscribed by 11 U.S.C. § 362(a)(3), because if the letter of credit is honored by the bank it will be honored with bank funds and not with property of the estate. A letter of credit or its proceeds is not property of the estate. 18 B.R. at 715; *In re M.J. Sales & Distributing Company, Inc.,* 7 C.B.C.2d 884, 25 B.R. 608 (Bankr.S.D. N.Y.1982).

■ The allegation that the trustee or the estate will be "irreparably harmed" if Gralia and the bank are not permanently enjoined from drawing upon and paying the letter of credit is completely without merit.

If the bank honors the letter of credit and then looks to Sawyer and his collateral for reimbursement, a claim by Sawyer against the estate could possibly arise under some theory. This possibility does not constitute irreparable harm.

 Where the court has determined that the trustee has failed to state a claim, the estate has no real interest in this litigation. The proceeding, which involves three nondebtors, should properly be litigated in a nonbankruptcy forum. This court expresses no opinion on the merits of the claims, counterclaims, cross claims and defenses of these nondebtor litigants. All will be dismissed without prejudice.

This proceeding is a related matter. These findings and conclusions together with proposed orders will be submitted to the District Court Judge pursuant to L.R. 41(d)(3)(B).