**In re CRYSTAL MANUFACTURING & PACKAGING, INC., an Illinois corporation, Debtor,**

**CITIZENS BANK AND TRUST COMPANY, etc., Plaintiff-Appellee,**

**and**

**General American Realty Co., Inc., et al., Plaintiffs,**

**v.**

**MELROSE PARK NATIONAL BANK, Defendant-Appellant,**

**and**

**Crystal Manufacturing & Packaging, Inc., et al., Defendants.**

**No. 84C3996.**

United States District Court, N.D. Illinois, E.D.

Feb. 27, 1986.

---

Donald F. Spak, Arvey Hodes Costello & Burman, Chicago, Ill., for plaintiffs.

Richard C. Clark, Gary Kostow, Lisa Marco Kouba, Clausen Miller Gorman Caffrey & Witous, P.C., Chicago, Ill., for Melrose Park Nat. Bank.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

The parties in this case are before the court on an appeal of a Bankruptcy Court's resolution of an adversary proceeding involving an oral lease between the plaintiff, Citizens Bank and Trust Co. ("Citizens Bank") and defendant, Melrose Park National Bank ("the Bank"). The Bank urges several grounds for the reversal of the Bankruptcy Court's opinion. This court finds that the first objection, relating to the Bankruptcy Court's lack of subject matter jurisdiction, is dispositive of the appeal. For the following reasons, the court reverses the Bankruptcy Court's order in favor of the plaintiff and finds that the Bankruptcy Court lacked the requisite subject matter jurisdiction over the parties' dispute.

### The Facts

Crystal Manufacturing & Packaging, Inc. ("Crystal") filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code on March 24, 1980. The Chapter 11 proceeding was converted to a Chapter 7 liquidation proceeding on May 19, 1980, and the court appointed Dennis Quaid to serve as the Interim Trustee for Crystal's estate. On June 12, 1980, the Bank, one of Crystal's secured creditors, filed an application to modify the automatic stay to permit foreclosure of its security interest in Crystal's assets. The court granted the application on June 12, 1980. The assets in question, consisting in part of barrels of chemicals, were located in a leased building at 2732 West Lake Street in Melrose Park, Illinois. The court's order authorized the trustee to surrender possession of these premises to the Bank effective noon, June 12, 1980.

The leased property wherein these assets were stored is owned by plaintiffs Citizens Bank and LAH Limited Partnership, who hold legal title and beneficial interest in the property pursuant to a land trust. The property is managed by General American Realty Co., Inc. ("General American").

The Bank notified General American of the foreclosure on June 12, 1980, the day of the court's order. The Bank asked General American's manager if it could leave the materials in the building until it disposed of

them. General American and the Bank thereupon entered into an oral agreement whereby the Bank would pay the same rent as Crystal had previously paid so long as the Bank's property remained in the building.

On July 3, 1980, the Bank sold all the assets in the building to Almarc Manufacturing, Inc. ("Almarc"). The Bank then notified General American that it had sold the property. Dennis Nielson, who worked with General American, subsequently received the Bank's rent check for the period between June 12, 1980 and July 18, 1980, and signed a "release" which purported to relieve the Bank of any further obligation for rent of the building.

General American later discovered that Almarc had failed to remove 110 barrels of the purchased property from the building. The Bank's check for rent was not negotiated, and when a dispute arose over whether Almarc would remove the barrels, the plaintiff filed this suit as an adversary proceeding seeking monetary damages and removal of the barrels.[1]

Although the Bank did not object to subject matter jurisdiction in its initial motion to dismiss, it did raise the issue in the course of the proceedings. The Bankruptcy judge overruled its jurisdictional objection, stating, "You don't have to in the Bankruptcy Court plead jurisdiction." (Tr. 2/8/84, pp. 20–22). The Bankruptcy Court conducted a hearing, and at the conclusion of the evidence, it ruled in favor of the plaintiffs and against the Bank. The parties are presently before the court on the Bank's appeal of the Bankruptcy Court's decision.

### Subject Matter Jurisdiction

The Bank asserts that the judgment of the Bankruptcy Court must be reversed because that court lacked subject matter jurisdiction over the plaintiffs' claim against it. The parties and the Bankruptcy Court apparently agreed that Crystal had no interest in the property or the lease at the time the plaintiffs' complaint was instituted. Although Crystal and its trustee, Quaid, were initially joined as defendants, the plaintiffs did not seek a judgment against them, and effectively admitted that the suit involved a dispute between plaintiffs and the bank, to which the debtor, Crystal, had no claim or interest. (Tr. 1/25/84, p. 6; 1/26/84, p. 73).

■ Generally, the powers of a bankruptcy court cannot exceed those expressly conferred by Congress and deemed necessary to effect its jurisdiction. *First State Bank & Trust Co. v. Sand Springs State Bank*, 528 F.2d 350, 353 (10th Cir.1976); *In re Ross Sand & Gravel Inc.*, 289 F.2d 311, 312 (6th Cir.1961). A bankruptcy court lacks jurisdiction over a controversy which is solely and exclusively between third parties, and which does not involve, directly or indirectly, the bankrupt or its property. *First State Bank & Trust Co.*, 528 F.2d at 354; *In re Burton Coal Co.*, 126 F.2d 447, 448–49 (7th Cir.1942). Thus, the courts have uniformly held that, if an adversary proceeding does not involve property in which the bankrupt's estate asserts an interest, and the resolution of the claim will not affect the administration of the estate, then the bankruptcy court has no subject matter jurisdiction to adjudicate the claim. *In re Shirley Duke Assoc.*, 611 F.2d 15, 19 (2d Cir.1979); *In re Stoner Investments*, 20 B.R. 143, 145 (Bkrtcy.N.D.Ill.1982); *In re Bottles*, 20 B.R. 947, 950 (Bkrtcy C.D.Ill. 1982), *In re Chase Manhattan Mortgage & Realty Trust*, 11 B.R. 982, 985 (Bkrtcy.S.D. N.Y.1981).

■ The first order of the bankruptcy court, authorizing the Bank's foreclosure of Crystal's assets, was clearly within the court's jurisdiction because it involved the property of Crystal, the debtor. However, once that order was entered on June 12, 1980, wherein the Court expressly found that the bankrupt debtor had "no equity" in the property, the bankrupt's estate had no further interest in either the lease or the property contained in the building. *See In*

---

1. Due to the dangerous nature of these chemicals, their removal from the building was very expensive, and all of the parties were reluctant to undertake the responsibility of removal.

*Re Chase Manhattan Mortgage & Realty Trust,* 11 B.R. 982 (Bkrtcy.S.D.N.Y.1981). The subsequent rental agreement entered into between General American and the Bank concerns a leasing arrangement for the time period *after* the trustee relinquished all interest in the premises. Thus, the plaintiff's claim against the Bank arose *after* the bankrupt's interest in the property was extinguished. Therefore, the court concludes that the bankruptcy court had no subject matter jurisdiction to resolve this claim, which basically involves a state law landlord/tenant dispute. *See Associate Electric Supply Co. of Omaha v. C.B.S. Electronic Sales Corp.,* 288 F.2d 683, 684 (8th Cir.1961) ("The power conferred on courts of bankruptcy by the Bankruptcy Act does not make them courts of general jurisdiction to hear and determine controversies not properly part of the bankruptcy proceeding."); *In re Chase Manhattan Mortgage and Realty Trust,* 11 B.R. 982, 985 (Bkrtcy.S.D.N.Y.1981) (no subject matter jurisdiction where the determination of the issues in the case were not in any way related to the debtor's property or administration of his estate); *In re Shirley Duke Assoc.,* 611 F.2d 15, 18 (2d Cir.1979) (no jurisdiction to decide controversy between third parties which does not involve debtor or his property).

Plaintiffs do not dispute that bankruptcy courts generally do not have subject matter jurisdiction over claims between third parties which do not affect the debtor's property or involve the administration of the debtor's estate. They argue, however, that the Bank waived any right to contest the Bankruptcy Court's exercise of jurisdiction because it failed to challenge the court's jurisdiction in a timely fashion. In support of this argument, plaintiffs cite Bankruptcy Rule 915(a), which provides:

> (a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to jurisdiction if he does not make objection by a time-

ly motion or answer, whichever is first served.

11 U.S.C. Rule 915(a). This rule is circumscribed by Rule 928, which provides, "These rules shall not be construed to extend or limit the jurisdiction of courts of bankruptcy over subject matter" (11 U.S.C. Rule 928).

■ Contrary to the plaintiffs' assertions, this rule cannot endow a bankruptcy court with subject matter jurisdiction over a dispute unrelated to the bankruptcy proceeding. The cases cited by plaintiffs are inapposite, because they all address claims within the parameters of Bankruptcy Code and involve property of the debtor or controversies intimately related to the administration of the bankrupt estate. *See In re United Merchants & Mfgrs., Inc.,* 3 B.R. 286 (Bkrtcy.S.D.N.Y.1980) (trustee's suit); *In re Crandall,* 1 B.R. 752 (Bkrtcy.W.D. Mich.1980) (claims against debtor); *S.E.C. v. Llorens Assoc., Inc.,* 9 B.R. 697 (Bkrtcy. S.D.N.Y.1981) (suit involved subordination agreement between debtor and third party); *In re Hotel Associates, Inc.,* 22 B.R. 964 (Bkrtcy. E.D.Pa.1982) (trustee's suit to recover money on behalf of bankrupt estate); *In re Hudson Feather & Down Products, Inc.,* 24 B.R. 843 (Bkrtcy.E.D.N. Y.1982) *aff'd,* 36 B.R. 466 (E.D.N.Y.1984) (trustee's suit wherein court expressly retained jurisdiction subsequent to reorganization). All of the above cases involve the bankruptcy court's summary jurisdiction over claims relating to the bankrupt estate. None address the jurisdiction of the bankruptcy court over third-party claims which do not involve or affect the administration of the bankrupt's estate. Therefore, these cases are not dispositive of whether the Bankruptcy Court had subject matter jurisdiction to resolve Citizens Bank's claim against the Bank. *See In re Chase Manhattan Mortgage and Realty Trust,* 11 B.R. 982, 986 (Bkrtcy.S.D.N.Y.1981) (no jurisdiction by consent where the debtor no longer has an interest in the property).

In *In re Texas Consumer Finance Corp.,* 480 F.2d 1261, 1266 (5th Cir.1973), the court explained the role of the "juris-

**820**

diction by consent" provision of the Bankruptcy Rules:

> Although some cases hold that summary jurisdiction may be conferred by consent, ... the consent issue there concerns whether the court should proceed summarily rather than by plenary proceedings. It is the mode of procedure that is the subject of consent. Jurisdiction of subject matter must be established before this question can even be raised, and it cannot be conferred by consent, agreement or other conduct of the parties.

(citations omitted). The *Texas Consumer Finance Case* and *Chase Manhattan Bank* decisions clearly demonstrate that Rule 915(a) can only create a consent to jurisdiction where the bankruptcy court already has subject matter jurisdiction over the property in dispute. These cases illustrate that in resolving the issue of subject matter jurisdiction in this appeal, the court should not focus on the timing of the jurisdictional objection, but on the content of the adversary proceeding and its relationship to the administration of the debtor's estate.

The oral lease at issue in the plaintiffs' complaint did not involve property of the debtor or affect the administration of its estate in any way. As of June 12, 1980, Crystal Manufacturing, the bankrupt in this case, no longer had an interest in the leased building or the property inside. Citizens Bank's complaint merely involved a landlord/tenant dispute between Crystal's former secured creditor and its former landlord. It did not require *any* application of the Bankruptcy Code, only an interpretation of Illinois landlord/tenant law.[2] The court finds that under these circumstances, the Bankruptcy Court had no power to adjudicate Citizens Bank's complaint. Thus, even if the jurisdictional deficiency were not discovered until *after* the bankruptcy court had resolved the dispute, the judgment must still be voided, because the bankruptcy court had no power to enter the judgment in the first place. *See First State Bank & Trust Co. v. Sandsprings State Bank*, 528 F.2d 350, 354 (10th Cir. 1976); *In re Texas Consumer Finance Corp.*, 480 F.2d 1261, 1265–66 (5th Cir. 1973). *See also Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986). The timing of the jurisdictional challenge does not vitiate the fact that the Bankruptcy Court had no authority to render a decision resolving plaintiff's claims against the Bank. Accordingly, the bankruptcy court's decision must be dismissed for lack of subject matter jurisdiction.

Alternatively, plaintiffs seek to characterize this suit as one to "clarify" the Bankruptcy Court's June 12, 1980 order. They argue that the Bankruptcy Court had jurisdiction to hear a dispute caused by an ambiguity in its June 12, 1980 order, and reason that, because the initial order addressed the disposition of Crystal's property, the Bankruptcy Court retained jurisdiction to resolve the present dispute between Great American and the Bank.

In *In re Samoset Associates*, 654 F.2d 247, 253 (1st Cir.1981), the court explained the general rule with respect to a bankruptcy court's jurisdiction to clarify an earlier order:

> Because the predicate of bankruptcy jurisdiction is the possession of property, once the bankrupt estate is settled and transfer of the bankrupt's property is executed, 'the jurisdiction of the bankruptcy court over the property is generally said to terminate and does not follow it....' 4B Collier on Bankruptcy ¶ 70.98[18], at 1198 (14th ed.1978); *accord, Nixon v. Michaels*, 38 F.2d 420 (8th Cir. 1930). This general principle is subject, however, to the qualification that the bankruptcy court may nevertheless exercise jurisdiction 'over a dispute involving the rights and priorities of private parties after a sale where the dispute involves a review and clarification of the bankruptcy proceedings leading to the

---

2. At trial, the plaintiffs' attorneys admitted that the Bankruptcy Code was inapplicable to this

claim. *See* Tr. 2/8/84, pp. 97, 101.

sale.' *Collier, supra,* at 1198 n. 13. Similarly, the bankruptcy court may not, as a general rule, adjudicate disputes between third parties not involving the bankrupt or his property. *Evarts v. Eloy Gin Corp.,* 204 F.2d 712, 717 (9th Cir.1953), but it may determine third-party disputes when necessary to administer the estate completely, *O'Dell v. United States,* 326 F.2d 451, 455 (10th Cir.1964). Plaintiff's adversary proceeding involved none of the above circumstances. The plaintiffs "clarification jurisdiction" argument thus fails for two reasons. First, the adversary complaint did not arise from the ambiguity of the June 12, 1980 order, nor did it seek a clarification of that order. It arose simply because Almarc failed to remove the purchased property from plaintiffs' building. The adversary complaint assumed the correctness of the earlier order when it requested the court to determine the rights of the parties under the oral lease, which was entered subsequent to that order. The court finds that the adversary proceeding is clearly unrelated to the earlier order, and therefore, this order was insufficient to confer subject matter jurisdiction on the Bankruptcy Court to adjudicate the dispute over the oral lease.

Second, the trustee had no interest in the lease at issue. As defendants correctly note, Section 365 and Rule 607 of the Bankruptcy Code dictate that a trustee must affirmatively assume an unexpired lease within sixty days after his appointment, or the lease will be deemed rejected by operation of law. 11 U.S.C. § 365(d)(1) and Rule 607. The trustee of Crystal's estate never sought to assume the lease, and he does not seek to do so now. Therefore, when the court authorized the trustee to surrender the premises and its contents to the bank on June 12, 1980, it did not have to order an assignment or rejection of the lease. *See Fletcher v. Surprise,* 180 F.2d 669, 678 (7th Cir.), *cert. denied,* 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 605 (1950) (no summary jurisdiction where trustee failed to assume lease).[3] The trustee was aware of this lease, and the court concludes that his failure to assume it was not inadvertent. By failing to assume the lease, he limited the estate's obligation for lease payments to the period between the filing of the bankruptcy petition and the surrender of the premises on June 12, 1980. *See In Re Schnabel,* 612 F.2d 315, 317 (7th Cir. 1980); *Fletcher v. Surprise,* 180 F.2d 669, 675 (7th Cir.), *cert. denied,* 340 U.S. 824, 71 S.Ct. 58, 95 L.Ed. 605 (1950).

Accordingly, the court concludes that the plaintiffs cannot escape the lack of subject matter jurisdiction over this claim by attempting to assert that the adversary proceeding was related to the earlier order. This complaint is totally removed from the disposition of Crystal's property in bankruptcy. Once the June 12, 1980 order was entered, the bankrupt estate no longer had any interest in the lease of the building or the property contained therein.

### Conclusion

In accordance with the foregoing, the court hereby finds that the Bankruptcy Court had no jurisdiction to resolve the claims presented in the nondebtor adversary proceeding between the plaintiffs and the Bank and therefore reverses and vacates the order of the Bankruptcy Court. The foregoing adversary action is dismissed without prejudice to state court action.

---

**3.** *See also In re Lovitt,* 757 F.2d 1035 (9th Cir. 1985), where the Ninth Circuit held that a bankruptcy court had no jurisdiction to confirm a sale of leases that had not been assumed by the trustee. The court explained:

> Because rejection of an executory contract is retroactive to the date of the filing of the bankruptcy petition, such a contract never becomes a part of the bankrupt's estate.... A

bankruptcy court has no jurisdiction over assets outside of the bankruptcy's estate, and therefore lacks the authority to approve their sale or transfer.

*Lovitt,* 757 F.2d at 1041. Similarly, in the present case, the Bankruptcy Court had no jurisdiction to adjudicate this dispute over Crystal's lease because Quaid, the trustee, never assumed it.