In re Angelo D'ANGELO and Mary Ellen D'Angelo, d/b/a D'Angelo Farms, Debtors.

UNITED MISSOURI BANK OF PARIS, Plaintiff,

v.

Angelo D'ANGELO and Mary Ellen D'Angelo d/b/a D'Angelo Farms and Laclede Family Credit Union, Defendants.

Bankruptcy No. 85–00077(N).
Adv. No. 85–0023(N).

United States Bankruptcy Court, E.D. Missouri, N.D.

Nov. 24, 1986.

Frederich J. Cruse, Hannibal, Mo., for plaintiff.

Jordan B. Cherrick, St. Louis, Mo., for Laclede.

Marc S. Kramer, St. Louis, Mo., for debtors.

Sarah M. Lumpp, Hannibal, Mo., trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

FINDINGS OF FACT

(1) On July 8, 1985, Plaintiff, United Missouri Bank of Paris (the "Bank"), filed a Complaint against the Debtors. The Bank requested the Court to determine that certain of Debtors' obligations to it were excepted from discharge under 11 U.S.C. § 523.

(2) By leave of Court, the Bank amended its Complaint on September 16, 1986, and joined as a party defendant Laclede Family Credit Union ("Laclede").

(3) On September 24, 1986, Laclede moved to dismiss the Bank's Complaint against it and requested that it be awarded attorney's fees because the Bank's joinder of Laclede was frivolous.

(4) On September 29, 1986, the Bank filed its Response to Laclede's Motion To Dismiss.

**58**

(5) From the record it appears that the Bank previously received leave of Court to foreclose security interests it held in property securing Debtors' obligations to the Bank ("the collateral").

(6) It also appears that Laclede may claim a lien on the collateral and Laclede's right may be superior to the Bank's.

(7) To the extent that the collateral is insufficient to satisfy the Bank's claim against the Debtors, Debtors would continue to be liable to the Bank for the deficiency, if the Court were to hold Debtors' obligations to the Bank nondischargeable.

(8) The nature and extent of Laclede's lien, if any, on the collateral, therefore, potentially affects the amount of Debtors' deficiency and to that extent is relevant to the issue of dischargeability.

(9) The Bank has not requested a money judgment against Debtors, but only that Debtors' debt be determined nondischargeable. The Bank also has requested the Court to determine that its security interest in the collateral was perfected prior to Laclede's interest, if any, in the collateral.

(10) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.

CONCLUSIONS OF LAW

■ (1) While the determination as to the dischargeability of Debtors' debts to the Bank is a core proceeding which the Court may hear and determine under 28 U.S.C. §§ 1334, 151, 157(b)(2)(I) and Local Rule 29 of the United States District Court for the Eastern District of Missouri, where, as here, the bankruptcy estate has no interest in the collateral, the Court lacks subject matter jurisdiction to determine the nature and extent of the Bank's and Laclede's respective rights to the collateral. *In re Crystal Mfg. & Packaging, Inc.*, 60 B.R. 816, 818 (N.D.Ill.1986) (if an adversary proceeding does not involve property in which the bankrupt's estate asserts an interest, and the resolution of the claim does not affect the administration of the estate, then the bankruptcy court has no subject matter jurisdiction to adjudicate the claim).

■ (2) Although the Court does not have subject matter jurisdiction to determine the respective rights of the Bank and Laclede to the collateral, the potential relevance of that issue to the underlying question of the dischargeability of Debtors' obligations to the Bank leads the Court to conclude that the Bank's joinder of Laclede in this action was not frivolous.

(3) An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

(4) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.