In re Joseph B. SELIG and Tremayne Selig, Debtors.

ROYAL BANK OF PENNSYLVANIA, Plaintiff,

v.

Joseph B. SELIG and Tremayne Selig and Continental Bank, Defendants.

Bankruptcy No. 91–13358S.
Adv. No. 91–0986S.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 13, 1992.

David M. Giles, Ominsky, Welsh, Rosenthal & Steinberg, P.C., Philadelphia, Pa., for Royal Bank.

James M. Hennessey, Sherr, Joffe & Zuckerman, P.C., West Conshohocken, Pa., for Continental Bank.

David S. Fishbone, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for debtors.

Frederic Baker, Philadelphia, Pa., Asst. U.S. Trustee.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

The instant adversary proceeding was commenced on November 6, 1991, by ROYAL BANK OF PENNSYLVANIA ("the Plaintiff") in the course of the above-captioned voluntary joint Chapter 11 bankruptcy case, filed by JOSEPH B. SELIG and TREMAYNE SELIG ("the Debtors") on June 17, 1991. The first Count of the Complaint asserts a challenge to the discharge of the Debtors pursuant to "11 U.S.C. §§ 727(A)(2) and (4)(c)," which presumably is a reference to 11 U.S.C. §§ 727(a)(2) and (a)(4)(C). The remaining five Counts assert claims against Defendant CONTINENTAL BANK (referenced herein as "the Movant," since this decision resolves this party's Motion to Dismiss these last five Counts of the Complaint). These Counts include a claim that the Movant converted certain bonds and securities of the Debtors upon which the Movant claimed a security interest ("the Property") and which the Plaintiff attempted to garnish in support of certain judgments which it obtained against the Debtors; improper assertion of setoffs against the Property; violations of state law and its fiduciary duty by the Movant's Trust Department in selling the Property; unjust enrichment by the Movant at the Plaintiff's expense; and a claim that the Movant should be compelled to turn over the Property and be subordinated to other claims against the Debtors.

Although answers to the Complaint were due on December 9, 1991, and the trial of the proceeding was initially scheduled on December 18, 1991, the only responses to the Complaint filed to date are (1) the Motion of the Movant before us, seeking to dismiss the last five Counts of the Complaint or to obtain summary judgment in its favor ("the Motion"), submitted with a lengthy supporting Brief on December 9, 1991; and (2) the Debtors' Answer to the Complaint, filed on or about January 7, 1992.

Immediately upon becoming aware of the filing of the Motion, this court entered an Order of December 12, 1991, allowing the Plaintiff and the Debtors until December 26, 1991, to respond to the Motion, and postponing the trial until January 23, 1992. The Plaintiff timely submitted an Answer, a Cross-motion for Summary Judgment, two affidavits, several volumes of deposition transcripts as exhibits to the affidavits, and a Brief. No pleading addressing the Motion has been received from the Debtors; their counsel advised the court that they had obtained an extension to plead from the Plaintiff and took no position as to the Motion.

The Debtors are elderly individuals of substantial means. The Debtors, or at least the Husband–Debtor, were active participants in about 20 realty partnerships and several Subchapter S corporations, frequently in concert with Brad Cohen, Larry Cohen and Jeffrey Chadorow. Many of the entities owned by these parties, and Larry Cohen individually, are presently in bankruptcy in this court. The Debtors' Schedules list realty assets of over $2 million; accounts receivable (mostly apparently uncollectible) of over *$40 million;* and total assets of over $43 million. Secured debts of over $8.5 million and unsecured debts of over $9.5 million are also listed. The Debtors are under order of this court to file a Plan and an accompanying Disclosure Statement on or before January 31, 1992.

Despite the fact that the great bulk of the Complaint recites claims against the Movant, the proceeding is said to be "grounded upon 11 U.S.C. § 727(A)(2) and (4)(c) [sic]." As to jurisdiction, it is averred that "[s]ome or all of the counts in the Complaint are core proceedings."

The gravamen of the Complaint concerns an attempt by the Plaintiff to execute upon a confessed judgment of about $7 million obtained against the Debtors on July 16, 1990, in state court, based upon the Debtors' guarantees of several notes in favor of the Plaintiff which were in default. On August 9, 1990, the Plaintiff sought to execute upon this judgment by filing a writ of execution seeking garnishment from the

Movant against the Property held by it. The Movant refused to turn over the Property, claiming that it had, in January, 1990, foreclosed upon its own security interests in the Property, which it allegedly had obtained between late 1986 and March, 1988. On its part, the Plaintiff contends that the Movant did not perfect any security interests in the Property until after service of the garnishment writ of the Plaintiff, in September and October, 1990. The dispute between the two banks regarding their respective rights to the Property was proceeding in the state courts when the Debtors filed bankruptcy on June 17, 1991. The Debtors make no claim to the Property, as reflected by their apathy regarding this dispute.

In the Motion, the Movant begins by asserting that, since the entire action is "grounded upon" 11 U.S.C. § 727, and this Code provision applies only to Chapter 7, not Chapter 11, cases, the entire case must be dismissed. This contention clearly lacks merit. The Code provides, at 11 U.S.C. § 1141(d)(3), that a Chapter 11 debtor is not discharged from debts that are not dischargeable under 11 U.S.C. § 727(a). *See* 5 COLLIER ON BANKRUPTCY, § 1141.-01[4][a], at 1141–10 to 1141–11 (15th ed. 1991). A complaint under § 727(a) is therefore an appropriate vehicle to challenge the discharge of Chapter 11 debtors.

The Movant next argues that the Property is not property of the Debtors' estate and that therefore this bankruptcy court lacks jurisdiction over the last five Counts of the Complaint. Since we find this argument to have merit, we do not proceed to decide or discuss the other issues raised by the Movant, which essentially address the merits of the dispute between the banks. The Movant argues that its security interests against the Property are entitled to priority vis-a-vis the Plaintiff and therefore it properly seized and continues to hold the Property. We note that neither party cites the two decisions of this court which appear pertinent to this issue, *In re Ramsey,* 1990 WL 65784 (Bankr.E.D.Pa. May 14, 1990) (lien of writ of execution in garnishment generally arises at the time of service of the writ upon the executing officer); and

*In re Railroad Dynamics, Inc.,* 97 B.R. 239, 244–45 (Bankr.E.D.Pa.1989) (levy against debtor's property becomes a security interest only by manual seizure of the property, especially as to securities, in light of 13 Pa.C.S. § 8317(a)).

■ It cannot be gainsaid that bankruptcy courts are courts of limited jurisdiction. *See, e.g., In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Hall's Motor Transit Co.,* 889 F.2d 520, 522 (3d Cir. 1989); *In re Kubly,* 818 F.2d 643, 645 (7th Cir.1987); and 1 COLLIER, *supra,* ¶ 3.01[1][c][vi], at 3–26 to 3–28, particularly in light of the decision of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), prescribing constitutional limitations upon the jurisdiction of bankruptcy courts. Statutorily, bankruptcy courts' jurisdiction is limited by the terms of 28 U.S.C. § 1334(b) to "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

The first Count of the Complaint, challenging the Debtors' discharge, is clearly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), the resolution of which is confined to a bankruptcy court and therefore clearly arises under title 11.

However, the last five Counts, which are the target of the Motion, are rather tenuously joined with the first Count of this proceeding. There is a serious question in our minds as to whether the dispute over priority of their liens between the Plaintiff and the Movant arises out of the "same transaction, occurrence, or series of transactions or occurrences," *see* Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7020, incorporating Federal Rule of Civil Procedure ("F.R.Civ.P.") 20(a), as the Plaintiff's challenge of the Debtors' discharge.

Moreover, even if the dispute between the Plaintiff and the Debtors, over which we clearly have jurisdiction, could be said to arise from the same series of transactions and occurrences as the other claims of the Claimant, the joinder of the separate dispute between the Plaintiff and the Mov-

ant appears to be an attempt to invoke this court's pendent or ancillary jurisdiction as to separate claims against a party over which, as we shall indicate at pages 244–46 *infra,* we would otherwise lack jurisdiction. "Pendent party" jurisdiction has been limited, by the Supreme Court, to situations where the applicable statute under which the claim against the non-pendent party is made expressly allows such claims. *See Finley v. United States,* 490 U.S. 545, 549–56, 109 S.Ct. 2003, 2006–11, 104 L.Ed.2d 593 (1989); and *Aldinger v. Howard,* 427 U.S. 1, 14–18, 96 S.Ct. 2413, 2420–2422, 49 L.Ed.2d 276 (1976). The jurisdictional scope of the bankruptcy courts is, as is noted at pages 243–44 *supra,* limited. Moreover, the pendent claims in the instant matter are less closely related to the non-pendent claim than are the pendent and non-pendent claims at issue in *Finley* and *Aldinger.* The joinder of claims against non-debtors with a claim challenging the Debtors' discharge strikes us as quite unnatural. A review of the Bankruptcy Digest revealed to us that such a joinder of claims may be unprecedented.

The challenge of the Debtors' discharge, while clearly within our jurisdiction, is unfocused and appears clearly secondary to the five claims against the Movant which follow. These circumstances strongly suggest that the first Count may be a device to bootstrap bankruptcy-court jurisdiction to a matter otherwise rather clearly outside of our jurisdiction.

It is clear to us that, apart from the joinder of these claims in this action, it would be improper for this court to exercise jurisdiction over the Plaintiff's five claims against the Movant. The only potential jurisdictional basis for these claims, under 28 U.S.C. § 1334(b), would be a contention that these claims are "related to" the Debtors' bankruptcy case. We recognize that the scope of "related to" jurisdiction was rather broadly defined in *In re Bobroff,* 766 F.2d 797, 802 (3d Cir.1985):

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being*

*administered in bankruptcy....* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Pacor, Inc. v. Higgins,* 743 F.2d [984] at 994 [(3d Cir.1984)] (emphasis in original).

However, we also note that, in both *Pacor* and *Bobroff,* the Court of Appeals concluded that, in these circumstances, invocation of "related to" jurisdiction was not proper. In *Bobroff,* the court observed that the claims in issue did not involve "property of the estate" of the debtor as of the commencement of the case, as defined in 11 U.S.C. § 541(a), and hence had no conceivable effect on the debtor's estate. 766 F.2d at 802–03. *See also Hall's Motor Transit, supra,* 889 F.2d at 522–23 (dispute involving property which had previously belonged to the debtor's estate, but left the estate prior to the rise of the controversy in issue, was not within the jurisdictional scope of the bankruptcy court).

The Movant, in its Brief, alleges that it liquidated the Property of the Debtors in January, 1990, about 18 months prior to the commencement of the bankruptcy case, thereby apparently removing it from the scope of "property of the estate" well prior to the case filing. In one of two rather short passages in its Brief addressing the jurisdictional issues raised by the Movant, the Plaintiff argues that the Property, although its ownership admittedly allegedly transferred from the Debtors to the Movant long prior to the bankruptcy filing, could be classified as property of the Debtors' estate under 11 U.S.C. § 541(a)(3), which includes "[a]ny interest in property that the trustee recovers under section ... 550" of the Bankruptcy Code. The Plaintiff contends that the Movant is an "insider" of the Debtors and that therefore any transfer to it by the Debtors up to one year prior to the bankruptcy filing could be avoided by the Debtors under 11 U.S.C. §§ 547(b)(4)(B) and 550(a).

Although we agree that the scope of "property of the estate" is indeed very broad, *see In re CS Associates*, 121 B.R. 942, 960 (Bankr.E.D.Pa.1990), it clearly is not so broad as to cover property which the Debtors transferred well more than a year prior to filing, the transfer of which not only has not been, but in all probability cannot be, recovered by the Debtors' estate. The transfer here appears to have occurred about 18 months prior to the Debtors' bankruptcy filing. It is difficult to see how the Movant, apparently no more than a secured creditor of the Debtors, could be deemed an "insider" of the individual Debtors under 11 U.S.C. § 101(31)(A). Therefore, the transfer-avoidance period under § 547 appears to be limited to 90 days. *See* 11 U.S.C. § 547(b)(4)(A). Furthermore, 11 U.S.C. § 541(a)(3) references only property which the Debtors *have* recovered pursuant to, *inter alia*, 11 U.S.C. § 547, not property which merely *could be*, but *has not been*, recovered.

The Property in issue therefore clearly does not appear to be, to have ever been, or to have any possibility of becoming, property of the Debtors' estate. Therefore, under the holdings of *Gardner, supra; Hall's Motor Transit, supra;* and *Bobroff, supra*, the Property is outside of the scope of bankruptcy court jurisdiction. Litigation concerning the Property is, therefore, by authority of those cases, not "related to" the Debtors' bankruptcy case.

■ In the second passage of its Brief addressing the issue of jurisdiction, the Plaintiff suggests that the Movant "is an indispensable party who must be present to sort out this dispute once and for all." Nowhere does the Plaintiff suggest how the resolution of "this dispute"—by which the Plaintiff appears to mean its dispute over its rights to the Property vis-a-vis the *Movant*—could conceivably affect the property rights of the Debtors or their estate. Instead, the Plaintiff apparently references the convenience factor of having this one forum, which it apparently perceives is equipped to do so rapidly, resolve all of its disputes with the Debtors and the Movant concerning the Property "once and for all."

In *In re City Wide Press, Inc.*, 107 B.R. 68, 70 (Bankr.E.D.Pa.1989), we noted that a dispute to which the debtor is not a party can be deemed "related to" the debtor's case only if the party invoking jurisdiction meets its burden of definitively establishing this relationship. Furthermore, we held there that the slight, indirect impact of changing the nature of claims against the debtor was not of sufficient significance to merit invocation of bankruptcy court "related to" jurisdiction. *Id.* at 72.

The presence of the Debtors as parties to this proceeding does not change the application of the reasoning of *City Wide Press* to the instant matter. Firstly, we question whether the joinder of the Movant as a party is appropriate. *See* pages 243–44 *supra*. Secondly, the fact that, as to the last five claims, no relief is sought against the Debtors, renders the propriety of their presence as parties to these claims dubious. *See In re Crystal Mfg. & Packaging, Inc.*, 60 B.R. 816, 818 (N.D.Ill.1986); and *In re Pine Tree Electric Co.*, 34 B.R. 199, 201–02 (Bankr.D.Me.1983).

■ In the instant proceeding, the only conceivable effect which we can perceive that the resolution of the last five claims could have upon the Debtors or their estate is the substitution of one of its creditors for another. Such a slight effect upon the Debtor's estate has been held to have no effect on the debtor's rights and liabilities and to be insufficient to allow invocation of "related to" jurisdiction in *In re P.D.S. Development Co.*, 103 B.R. 93, 95 (Bankr. S.D.N.Y.1989). Numerous other decisions have held that disputes between creditors as to the priorities of their claims against debtors are not within the scope of bankruptcy court jurisdiction. *See, e.g., Crystal, supra,* 60 B.R. at 818–19; *In re Alexander*, 49 B.R. 733, 737 (Bankr.D.N.D. 1985); *In re Dr. C. Huff Co.*, 44 B.R. 129, 134–35 (Bankr.W.D.Ky.1984); and *In re Guimond Farms, Inc.*, 10 B.R. 177, 179 (Bankr.D.Mass.1981). Merely because a debtor's affairs are a prominent aspect of the history of a dispute between non-debtors does not provide "related to" jurisdiction to a bankruptcy court over that dis-

pute. *See also In re Chargit, Inc.*, 81 B.R. 243, 247 (Bankr.S.D.N.Y.1987).

All of the last five Counts of the Complaint relate exclusively to the priority dispute between two banks, the Plaintiff and the Movant. This dispute involves issues of Pennsylvania state law relating to execution of judgments which is, in certain respects, not totally clear. It is not the appropriate function of bankruptcy courts, being non–Article III courts of limited jurisdiction which must concern themselves with matters of importance to debtors and their estates, to hear matters which involve only the property rights of non-debtors, particularly when such matters involve unresolved issues of state law.

■ Only the final Count of the Complaint, which invokes 11 U.S.C. § 510(c) and the concept of subordination under the Bankruptcy Code, raises an issue of bankruptcy law, which could conceivably have any impact upon administration of the Debtors' estate. However, this final Count is so pervasively intertwined with the previous four Counts raising no bankruptcy-law issues that we believe that it would be improper to retain this claim, while dismissing the others. Until the treatment of the claims of the Plaintiff and the Movant by the Debtors in their plan becomes manifested, which should occur within the next 20 days, it is unclear what, if any, impact the subordination of the Movant's claims would have upon the Debtors' estate. The subordination issue could be raised again, in the form of an Objection to confirmation of the Debtors' plan or an Objection to the Movant's claim, *see In re Morrison*, 69 B.R. 586, 589 (Bankr.E.D.Pa.1987), if its application would alter the distribution process which would otherwise prevail.

We are therefore prepared to grant that aspect of the Motion of the Movant which seeks to dismiss the last five Counts of the Complaint on jurisdictional grounds. This disposition is of course not a decision on the merits. *See, e.g., In re Greenley Energy Holdings of Pa., Inc.*, 110 B.R. 173, 184–85 (Bankr.E.D.Pa.1990). Consequently, the parties' Cross-motions for summary judgment must both be denied.

Finally, we note that the first Count of the Complaint, the Plaintiff's challenge to the Debtors' discharge, such as it is, remains scheduled for trial on January 23, 1992. As the Debtors have filed their Answer, no basis to further continue that trial appears necessary.

## ORDER

AND NOW, this 13th day of January, 1992, 1991, upon consideration of the Motion of Defendant Continental Bank ("the Movant") to Dismiss the Plaintiff's Complaint as to the last five Counts, which are directed against the Movant, or, in the alternative, for summary judgment, and the Cross–Motion of the Plaintiff, ROYAL BANK OF PENNSYLVANIA ("the Plaintiff") for summary judgment, and the Briefs of both parties in support of their respective positions, it is hereby ORDERED AND DECREED as follows:

1. The Movant's Motion is GRANTED in part.

2. Counts II through VI of the Plaintiff's Complaint are DISMISSED for lack of bankruptcy court jurisdiction over same.

3. The Movant is DISMISSED as a party to this proceeding.

4. As a result of the foregoing rulings, the Cross–Motions of the Movant and the Plaintiff are both DENIED without prejudice for want of jurisdiction of this court to determine same.

5. The trial of Count I of this proceeding against the Debtors remains scheduled on

THURSDAY, JANUARY 23, 1992, at 9:30 A.M. and shall be held in Courtroom No. 2 (Room 3718), United States Court House, 601 Market Street, Philadelphia, PA 19106.