In re P.D.S. DEVELOPMENT
CORP., Debtor.

Michael INGANAMORT, Plaintiff,

v.

NEW YORK STATE ELECTRIC &
GAS CO., INC. Defendant.

Bankruptcy Nos. 87 B 20581,
89 ADV 6044.

United States Bankruptcy Court,
S.D. New York.

Aug. 17, 1989.

Orseck, Orseck, Greenberg & Waldman, Liberty, N.Y., for plaintiff.

Huber Lawrence & Abell, New York City, for defendant.

DECISION ON MOTION TO
DISMISS COMPLAINT

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

New York State Electric & Gas Co., Inc. ("Electric"), the defendant in the above-captioned adversary proceeding has moved to dismiss the complaint for lack of jurisdiction and on the ground of *res judicata*. The plaintiff, Michael Inganamort, is the mortgagee and receiver in a state court foreclosure action against an apartment

complex in Loch Sheldrake, New York, which is owned by the debtor, P.D.S. Development Corporation.

On December 11, 1987, the debtor filed with this court a petition for reorganization under Chapter 11 of the Bankruptcy Code. On March 13, 1988, this court entered an order, which was consented to by the debtor, authorizing the plaintiff, as mortgagee to collect the rents and manage the debtor's apartment complex after May 21, 1988, the date that the plaintiff's state court receivership appointment became effective.

In May of 1988, plaintiff paid to Electric the sum of $15,492.32 for electricity previously furnished to the debtor because the plaintiff believed that Electric would discontinue furnishing electric service to the debtor's property if the payment was not made. Thereafter, plaintiff took the position that he was not liable for the debtor's unpaid electric bill and that he paid the bill by mistake.

Plaintiff then made a motion in this court for an order enjoining Electric from discontinuing future electricity service to the Loch Sheldrake property and directing Electric to refund the $15,492.32 which plaintiff previously paid. At plaintiff's request, the motion was adjourned to November 28, 1988.

Neither the plaintiff nor its attorney appeared in court on the return date of the plaintiff's motion, with the result that the motion was dismissed. The order dismissing the motion, dated December 9, 1988, was submitted on notice to the plaintiff and reads in relevant part as follows:

> ORDERED, that the amended motion of Michael Inganamort as Petitioner herein, for relief under Sections 105 and 366 of the United States Bankruptcy Code be and it hereby is in all respects denied.

The memorandum which Electric submitted to the court in opposition to the plaintiff's motion stated that plaintiff's request for a return of the $15,492.35 which he previously paid to Electric was improper because the relief sought was the recovery of money or property which should have been commenced in the form of an adversary proceeding as required by Bankruptcy Rule 7001(1). The plaintiff's counsel states that he agreed with the memorandum that his motion was improper in form, and therefore, he abandoned his motion and did not appear in court in support of the motion.

## JURISDICTION

■ Diversity of citizenship and a minimum demand of $50,000.00, as required by 28 U.S.C. § 1332(a)(1) is not essential to a civil proceeding in bankruptcy court if the civil proceeding arises "under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Such civil proceedings are referred to the bankruptcy court pursuant to the authority expressed in 28 U.S.C. § 157(a). A nondebtor mortgagee's action to recover money allegedly mistakenly paid to a utility company for amounts owed by a debtor does not arise under title 11 because it does not invoke any provision of title 11 and is not based on a title 11 right. *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987); *National City Bank v. Coopers & Lybrand*, 802 F.2d 990, 994 (8th Cir.1986); *Carlton v. Baww*, 751 F.2d 781, 787 (5th Cir.1985). Nor does the plaintiff's adversary arise in a case under title 11 so as to qualify as a core proceeding. A proceeding arising in a title 11 case is one which would have no existence outside of the bankruptcy case. *In re Wood*, 825 F.2d at 97; *New York Life Insurance Co. v. Chase Manhattan Bank, N.A. (In re Texaco, Inc.)*, 85 B.R. 934, 937 (Bankr.S.D. N.Y.1988) (action which alleged only state law causes of action was not core because it did not invoke a substantive right provided by title 11).

■ In view of the fact that the plaintiff's action to recover money from Electric is not a core proceeding, it must be "otherwise related to a case under title 11" within the meaning of 28 U.S.C. § 157(c) in order to sustain subject matter jurisdiction in this bankruptcy court. A bankruptcy judge may hear a proceeding that is not a core proceeding if it is otherwise related to a case under title 11, but the bankruptcy judge may not determine or enter final orders in a related case without the consent of all the parties, as provided under 28 U.S.C. § 157(c)(2). Absent such consent, a bankruptcy judge is required to submit pro-

posed findings of fact and conclusions of law to the district court and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and any additional appropriate *de novo* matters, as expressed in 28 U.S.C. § 157(c)(1).

The test for determining whether a civil proceeding is related to a bankruptcy case is—

whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

\* \* \* \* \* \*

An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984). If a resolution of an action between nondebtors would affect the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities, such civil proceeding will be regarded as related to the bankruptcy case. *Fietz v. Great Western Savings (In re Fietz),* 852 F.2d 455, 457 (9th Cir.1988); *Elscint, Inc. v. First Wisconsin Financial Corp. (In re Xonics, Inc.),* 813 F.2d 127, 131 (7th Cir.1987); *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc),* 810 F.2d 782, 786 (8th Cir.1987); *Kelley v. Nodine (In re Salem Mortgage Co.),* 783 F.2d 626, 634 (6th Cir.1986); *Uranga v. Geib (In re Paso Del Norte Oil Co.),* 755 F.2d 421, 425 (5th Cir.1985); *Turner v. Ermiger (In re Turner),* 724 F.2d 338, 341 (2nd. Cir.1983).

In the instant case, the mortgagee's payment of the bill for electricity in order to induce Electric to continue to furnish electricity to the property after the mortgagee commenced a foreclosure proceeding and took possession of the debtor's property would not affect the debtor's rights or liabilities. Such payment by the mortgagee would only substitute the mortgagee for the utility as a creditor to the extent of the payment. The debtor's assets and liabilities remain the same, as do the claims of the other creditors. Therefore, the nondebtor plaintiff's claim against the nondebtor utility company for monies erroneously paid cannot be regarded as having any impact on the amount of property available for distribution to the debtor's creditors, nor could the outcome of such claim alter the debtor's rights or liabilities. Therefore, the plaintiff's adversary proceeding is neither a core proceeding nor is it related to this bankruptcy case.

Accordingly, the defendant's motion to dismiss the mortgagee's complaint is granted for lack of jurisdiction.

### CONCLUSIONS OF LAW

1. This court lacks jurisdiction of the subject matter of the plaintiff's adversary proceeding because it is not a core proceeding and it does not arise under title 11, or arise in a title 11 case in accordance with 28 U.S.C. § 1334(b), nor is it related to a case under title 11 within the meaning of 28 U.S.C. § 1334(b).

2. The defendant's motion to dismiss the plaintiff's adversary proceeding for lack of subject matter jurisdiction is granted.