**KEY BANK U.S.A., N.A., Plaintiff,**

v.

**FIRST UNION NATIONAL BANK OF FLORIDA, Defendant.**

No. 99–74–Civ–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

April 14, 1999.

Robert L. Olsen, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Key Bank U.S.A. N.A., plaintiff.

Dale W. Cravey, Beth A. Cronin, Ruden, McClosky, Smith, Schuster & Russell, P.A., Tampa, FL, for First Union National Bank of Florida, defendant.

## ORDER ON PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Plaintiff, Key Bank U.S.A., N.A.'s, Motion for Remand to State Court, filed February 16, 1999, (Docket No. 7) and response thereto, filed February 25, 1999. (Docket No. 11).

### BACKGROUND

1. On December 15, 1998, Plaintiff filed a complaint in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida Civil Division. Plaintiff alleges that Defendant wrongfully denied Plaintiff's proper return/refusal of certain Documentary Drafts that were presented for payment pursuant to Florida Statutes Chapters 673 and 674. Plaintiff contends this wrongful denial resulted in the Federal Reserve Board crediting Defendant and charging Plaintiff the total of the Documentary Drafts. (Docket No. 2).

2. On January 12, 1999, Defendant filed a Notice of Removal to the United States District Court for the Middle District of Florida. Defendant maintains removal jurisdiction is warranted pursuant to 28 U.S.C. §§ 1452(a), 157(a) because Plaintiff's claim is related to Defendant's pending bankruptcy case against Plaintiff and Bennett Holding Corp., and Bennett Trailer Sales, Inc., and it is a core proceeding. Defendant further maintains that removal is warranted pursuant to 28 U.S.C. § 1441(a) and (b) because Plaintiff's complaint requires adjudication of issues presented under federal law. (Docket No. 1).

3. On February 16, 1999, Plaintiff filed a motion for remand to state court and memorandum of law in support. Plaintiff maintains its cause of action relies solely on state law as evidenced by the face of the complaint; therefore, is not subject to federal jurisdiction. Plaintiff further maintains that its complaint does not arise under or relate to Defendant's pending bankruptcy proceeding as to warrant removal to federal court. (Docket No. 7).

### STANDARD OF REVIEW

Doubts as to whether removal of an action is permissible should be resolved against removal. *See Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir.1994). This Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." *Campos v. Sociedad Aeronautica De Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D.Fla.1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the case should be remanded." *Id.*

Statutes conferring diversity and removal jurisdiction should be strictly construed. *See Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct.

2396, 57 L.Ed.2d 274 (1978). As to removal statutes, they are strictly construed because: 1) the exercise of removal is in derogation of state sovereignty; 2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; 3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and 4) 28 U.S.C. § 1446(b) is a statute of repose designed not to unduly delay trials. *See Hill v. General Motors Corp.,* 654 F.Supp. 61 (S.D.Fla. 1987); (*citing Richmond, F. and P.R. Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804 (E.D.Va.1981)).

## DISCUSSION

### Federal·Jurisdiction

Plaintiff maintains that this Court should remand this case to the circuit court because it is neither a claim relating to a bankruptcy case nor a claim which raises federal question jurisdiction. (Docket No. 7 at 1–2). Plaintiff argues that its complaint specifically alleges that Defendant's actions are contrary to Florida Statutes Chapters 673 and 674. (Docket No. 7 at 2). Thus, the complaint rests solely on Florida law.

■■■ Plaintiff directs the Court to *Caterpillar Inc., et al. v. Williams, et al.,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The Supreme Court in *Caterpillar* discussed in some detail the century-old jurisdictional framework governing removal of federal question cases from state into federal courts. *See Caterpillar,* 482 U.S. at 391, 107 S.Ct. 2425. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392, 107 S.Ct. 2425. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Moreover, "a case may not be removed to federal court on the bases of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. 2425. However, the Supreme Court did note that if a state claim involves an area of state law that has been completely preempted, that claim is considered a federal claim, and therefore arises under federal law. *See id.* The Supreme Court also held that "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399, 107 S.Ct. 2425. "Congress has long since decided that federal defenses do not provide a basis for removal." *Id.*

■■■ Defendant's Notice of Removal alleges that Plaintiff's complaint infers federal jurisdiction although it does not identify it directly and that a "well-pled" complaint would have done so. (Docket No. 1 at 4). Defendant's Memorandum in Opposition to Remand asserts that Plaintiff's complaint on its face invokes federal jurisdiction under various federal banking laws and removal was authorized. (Docket No. 11 at 2)

Defendant directs the Court to *Bank One Chicago, N.A., Petitioner, v. Midwest Bank & Trust Company,* 516 U.S. 264, 116 S.Ct. 637, 133 L.Ed.2d 635 (1996). (Docket No. 11 at 4). *Bank One* concerns the Expedited Funds Availability Act (hereinafter EFAA). *See id.* at 267, 116 S.Ct. 637. This act was designed to alleviate the problems of lengthy wait periods for bank deposits. *See id.* The act vested the Federal Reserve Board with the authority to enforce the act's provisions administratively. *See id.* There were separate provisions in the act that covered bank disputes with other banks and bank disputes with those other than banks (e.g., customers). *See id.* The Supreme Court addressed the

issue of whether there were different jurisdictional forums for these two different types of suits. *See id.* at 266, 116 S.Ct. 637. The Court held that the act provides for federal court jurisdiction not only in suits between customers and banks, but also in cases initiated by one bank against another. *See id.* at 275, 116 S.Ct. 637. The Court, however, did not preclude a check-related claim from being brought in state court. *See id.* In fact, the Court stated quite the contrary, "[a]ll check-related claims arising out of the same transaction may be brought in a single forum— either in federal court (which would have supplemental jurisdiction over state-law claims, see 28 U.S.C. § 1367) *or in state court.*" *See id.* (emphasis added).

Defendant in the case at bar has failed to support its allegation that the EFA covers Plaintiff's claim. Defendant has failed to provide any support for its allegation that Plaintiff's participation in services, provided by the Federal Reserve System and the EFAA, will subject Plaintiff to federal court jurisdiction. More specifically, Defendant has failed to show that this participation will preclude Plaintiff from seeking relief in state court. Even if the EFAA covered Plaintiff's claim, under *Bank One,* federal court is not the only forum that can hear this claim.

Following *Caterpillar,* the Court agrees with Plaintiff that its complaint is not subject to federal jurisdiction for three reasons. First, a federal question does not appear on the face of Plaintiff's complaint pursuant to the "well pleaded complaint rule." Plaintiff has specifically alleged that Defendant's actions are contrary to Florida Statutes Chapters 673 and 674, thus relying solely on Florida law as a basis for relief. (Docket No. 7 at 2). Plaintiff is the master of the complaint, and may, by eschewing claims based on federal law, choose to have the cause heard in state court. This Court is unwilling to require Plaintiff to infer the appropriate federal statute. To do so would circum-

vent the "well pleaded complaint rule." Second, Florida Statutes Chapters 673 and 674 have not been so preempted that the Court should go beyond the four-corners of the complaint and presume this is just "artful pleading" and that this complaint is actually federal in character. Third, Defendant's mere injection of a federal claim in its Notice of Removal and Memorandum In Opposition to Remand will not invoke federal jurisdiction.

## *"Related to" Bankruptcy Proceeding*

Defendant maintains that Plaintiff's claim is related to a pending bankruptcy claim (*First Union National Bank v. Bennett Holding Corp., Bennett Trailer Sales, Inc. and Key Bank, U.S.A., N.A.,* filed on December 28, 1998 in the United States Bankruptcy Court Middle District of Florida, Tampa Division, Adversary Proceeding No. 98–724) and should be removed pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 157(a). Defendant further asserts in paragraph nine of its Notice of Removal that Plaintiff's claim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), 157(b)(2)(G), and 157(b)(2)(*O*). (Docket No. 1 at 3).

 "The test for determining whether a civil proceeding is related to a bankruptcy case is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Inganamort v. New York State Electric & Gas Co., Inc. (In re P.D.S. Development Corp.),* 103 B.R. 93, 95 (Bankr.S.D.N.Y.1989). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

If a resolution of an action between non-debtors would affect the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors, or if the outcome could alter the debtor's rights or liabilities, such civil

proceeding will be regarded as related to the bankruptcy case. *Id.*

■ The outcome of the proceeding between Plaintiff and Defendant will not affect the debtor's (hereinafter Bennett) rights or liabilities. Bennett's assets and liabilities remain the same, as do the claims of the other creditors. Plaintiff's claim that Defendant's wrongful denial of Plaintiff's proper return/refusal to honor the Documentary Drafts, under Florida Statutes Chapters 673 and 674, which subsequently led to the Federal Reserve Bank crediting Defendant and charging Plaintiff with the total sum of the Documentary Drafts, cannot be regarded as having any impact on the amount of property available for distribution to Bennett's creditors nor could the outcome of such claim alter Bennett's rights or liabilities.

■ The court in *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987), held that, "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." In other words, if the proceeding would have no existence outside of the bankruptcy case. The court further held that a suit based on state-created rights is not based on any right created by the federal bankruptcy law, and it is not a proceeding that could arise only in the context of a bankruptcy. *See id.* A state cause of action, had there been no bankruptcy, that could proceed in state court is not a core proceeding. *See id.*

■ Following *In re Wood,* Plaintiff's claim is not a core proceeding to Defendant's pending bankruptcy claim. Plaintiff relies on Florida Statutes Chapters 673 and 674 for relief; therefore, its complaint is not based on any right created by the federal bankruptcy law. Moreover, the claim is independent of Defendant's bankruptcy claim and could proceed in state court absent the bankruptcy claim because the issue is whether Defendant wrongfully denied Plaintiff's return/refusal to honor the Documentary Drafts under Florida law. This is independent of Defendant's suit to recover.

Therefore, Plaintiff's claim is neither related to nor a core proceeding to Defendant's pending bankruptcy case. The Court agrees with Plaintiff that Bennett is ultimately liable as the debtor and has no interest in the determination of whether it will be Plaintiff or Defendant who has a claim against Bennett.

### *CONCLUSION*

For all the reasons mentioned above, this Court grants Plaintiff's Motion for Remand to State Court. In so finding, the Court notes that Plaintiff's complaint neither invokes federal jurisdiction under 28 U.S.C. 1441(a) and (b) nor is it related to a bankruptcy proceeding under 28 U.S.C. 1452(a).

The Court having considered all the arguments of the parties is convinced that the motion for remand to state court should be **GRANTED.** Accordingly, it is

**ORDERED** that the motion for remand to state court (Docket No. 7) be **GRANTED** and this case be **remanded** to the state court from which it was removed.

**DONE and ORDERED.**